■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IMOGENE GRAHAM, Appellant. — Judgment, Supreme Court, New York County, rendered November 16, 1979, convicting defendant, after jury trial, of criminal possession of a controlled substance in the second degree, (Penal Law, § 220.18) and resentencing her thereon to an indeterminate term of imprisonment of three years to life, is unanimously reversed, on the law, and a new trial ordered. At the trial, a police officer testified that when defendant was asked with respect to the heroin involved whether she was holding the stuff for someone, she responded, "No, he'll kill me, he'll kill me." At the trial, but not at the preceding suppression hearing, an issue was raised as to whether there had been appropriate *Miranda* warnings before this question, and defendant's attorney requested that the issue of voluntariness arising from the alleged inadequacy or absence of *Miranda* warnings should be submitted to the jury. The Trial Judge refused to do so. In our view, this was error. CPL 710.70 (subd 3) provides: "Nothing contained in this article, however, precludes a ·defendant from attempting to establish at a trial that evidence introduced by the people of a pre-trial statement made by him should be disregarded by the jury or other trier of the facts on the ground that such statement was involuntarily made within the meaning of section 60.45. Even though the issue of the admissibility of such evidence was not submitted to the court, or was determined adversely to the defendant upon motion, the defendant may adduce trial evidence and otherwise · contend that the statement was involuntarily made. In the case of a jury trial, the court must submit such issue to the jury under instructions to disregard such evidence upon a finding that the statement was involuntarily made." The definition of an involuntary statement in CPL 60.45, to which this statute refers, explicitly includes statements obtained from the defendant by a public servant engaged in law enforcement activities: "in violation of such rights as the defendant may derive from the constitution of this state or of the United States." (CPL 60.45, subd 2, par [b], cl [ii].) This provision includes failure to give *Miranda* warnings. (See Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.45.) As the Trial Judge, the author of that Practice Commentary, conceded, the literal language of the statute would seem to have required submission of the issue to the jury. The Trial Judge was of the view, however, that, as applied to the issue of *Miranda* warnings, the requirement of the statute for the submission of the issue of voluntariness to the jury was an oversight and that the statute only contemplated the submission of the issue of

voluntariness in the generally understood classic sense rather than inadequacy of *Miranda* warnings. While we have great respect for the Trial Judge's expertise, as one of the drafters of the CPL and author of commentaries on it, we think we should follow the language of the statute. The error was not harmless. It requires a new trial. At the trial, defendant testified that she had received no *Miranda* warnings. The police officer testified that he had given her *Miranda* warnings including advising her that if she did not have an attorney, one would be appointed for her; but he conceded that he had not explicitly said to her that she had a right to an attorney present before she answered any questions. It would appear that the warnings were thus insufficient. (See *People v Tutt,* 38 NY2d 1011; cf. *People v Thomas,* 69 AD2d 792.) Some members of this court would not however have reversed for denial of suppression for inadequancy of the *Miranda* warnings because the point appears to have been waived at the suppression hearing. At that hearing, which was addressed to physical evidence as well as to statements, defendant's attorney declined to argue the inadmissibility of the statement, and the court twice stated, without contradiction by defendant's attorney, that there seemed to be no contention that the statement was not admissible. (Cf. *People v Tutt, supra;* CPL 710.40, 710.70, subd 3.) So far as we can tell also, nobody insisted upon compliance with the statutory requirements that the motion be in writing, stating the grounds of the motion and containing sworn allegations of fact, etc. (CPL 710.60, subd 1.) However, as there is to be a new trial, the court may in the exercise of discretion and in the interest of justice reconsider the question of suppression of the statement by the court. Concur — Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.