■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS BRACERO, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Stolarik, J.), dated November 29, 1984, as granted that branch of the defendant's omnibus motion which sought the suppression of certain oral statements.

Order affirmed insofar as appealed from.

Since the defendant was never explicitly advised, after being arrested, that he had the right to consult with counsel prior to and during the course of police questioning, the hearing court properly granted his motion to suppress oral statements made to the police *(see, People v Hutchinson,* 59 NY2d 923; *People v Graham,* 78 AD2d 831, *affd* 55 NY2d 144; *People v Dunnett,* 44 AD2d 733). The right to have an attorney present during interrogation is a critical component of the constitutionally mandated preinterrogation warnings. Although the defendant may have been criminally sophisticated and familiar with his rights, "[n]o amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead" *(see, Miranda v Arizona,* 384 US 436, 471-472). While we acknowledge that there need not

be a "talismanic incantation" of preinterrogation admonitions in order to pass constitutional muster *(see, California v Prysock,* 453 US 355, 363), the substance of the requisite warnings must nevertheless be clearly conveyed for a waiver to be deemed effective. Because the defendant was never informed that his right to counsel attached prior to interrogation, the warnings given by the police were constitutionally deficient, and the order is, accordingly, affirmed insofar as appealed from. Bracken, J. P., Lawrence, Eiber and Kooper JJ., concur.