■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. LYONS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered February 6, 1984, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by the defendant to the police.

Ordered that the judgment is affirmed.

At the trial, two police officers testified that at approximately 9:30 P.M. on February 23, 1983, they responded to a

radio call and proceeded to a luncheonette located in the vicinity of Sheridan Boulevard and Bayview Avenue in Inwood. Both officers testified that as they approached the entrance to the luncheonette, they observed a figure coming from within the store towards the entrance. The man in the store was ordered to "freeze", and he was subsequently arrested. At the trial, both officers identified the defendant as the man whom they had discovered inside the store. The owner of the store testified that he had locked the store at 2:00 P.M. on the date of the incident, and left approximately $9.26 in the cash register. After the defendant's arrest, the sum of $9.26 was removed from his jacket pocket. The People also introduced into evidence a photograph which depicted the manner in which the store had been broken into by the perpetrator. Based on the foregoing evidence, the jury found the defendant guilty of burglary in the third degree.

The defendant argues on appeal that reversible error was committed by the trial court when it allowed into evidence the testimony of the two police officers concerning certain statements made by the defendant while he was in police custody. Specifically, the defendant contends that although he was advised, *inter alia,* of his right to remain silent, he was not advised that he had the right to consult with an attorney prior to and during questioning. Thus, the defendant argues that his statements were not preceded by a knowing and voluntary waiver of his *Miranda* rights.

This argument, addressed to a "narrow aspect" of the *Miranda* rights *(People v Tutt,* 38 NY2d 1011, 1013), appears to have been raised for the first time in the argument of defense counsel at the conclusion of the *Huntley* hearing, after the parties had rested. This reference to the issue during argument on the motion was not sufficient to preserve it for our review as a matter of law *(see, People v Fenner,* 61 NY2d 971, 973). "At no point was this issue 'interjected at the fact-finding level in such a manner and at such a time as to fairly apprise the court and the opposing party of the nature and scope of the matter contested, and to allow the necessary evidentiary treatment' " *(People v Thompson,* 124 AD2d 687, 688, quoting from *People v Jones,* 81 AD2d 22, 41-42). Even if this issue had been properly preserved for our review, reversal would not be warranted. We agree with the defendant that the alleged technical defect in the officer's reading of the defendant's *Miranda* rights would have vitiated the effectiveness of the defendant's subsequent waiver of his rights *(see, People v Hutchinson,* 59 NY2d 923; *People v Bracero,* 117

AD2d 740). However, one of the defendant's statements was made in response to a police officer's questioning as to the ownership of 16 cents which was found in the defendant's pocket after his arrest. While the officer's question regarding the ownership of this money might be viewed as a routine "booking" question (cf. *People v Rivera*, 26 NY2d 304; *People v Padron*, 118 AD2d 599), since the defendant had been arrested on suspicion of burglary (based on an apparent theft of money, including small change), such a question ought to have been recognized by the police as likely to elicit an incriminatory response (see, *Rhode Is. v Innis*, 446 US 291, 301). Nevertheless, the defendant's response to the question, i.e., that the money was his, was not inculpatory. The court in *Miranda v Arizona* (384 US 436, 476-477) held that a prosecutor may not use even an exculpatory statement which had been taken in violation of the *Miranda* doctrine. However, any error involved in the court's permitting proof of an exculpatory statement would be one based on the "sheerest technicality", and hence could not be deemed prejudicial (*People v Crimmins*, 36 NY2d 230, 241). In any event, such an error would be rendered harmless by the overwhelming quantum of evidence against the defendant, which was such that "there [was] no reasonable possibility that the error might have contributed to [the] defendant's conviction" (*People v Crimmins, supra,* at p 237; see, *Chapman v California*, 386 US 18). With respect to the other statements made by the defendant at the police precinct, including his protestations to the effect that his arrest was a "bum rap", these statements were clearly spontaneous, and therefore not subject to exclusion from evidence under the rule of *Miranda v Arizona* (384 US 436, *supra; see, Rhode Is. v Innis, supra; see also, People v Stoesser,* 53 NY2d 648, 650; *People v Lynes,* 49 NY2d 286, 295; *People v Sobolof,* 109 AD2d 903; *People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786, *rearg dismissed* 65 NY2d 638).

Accordingly, the judgment should be affirmed. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.