■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO DiLUCCA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered November 15, 1984, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Thorp, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and of certain statements made by him to the police.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his statements to the police is granted to the extent that all of the defendant's postarrest statements are suppressed, and a new trial is ordered; the facts have been considered and are determined to have been established.

As the People concede, the *Miranda* warnings administered to the defendant by Officer Simon were insufficient because the defendant was not advised that he had the right to consult with an attorney prior to and during the course of any police questioning *(see, People v Hutchinson,* 59 NY2d 923; *People v Bracero,* 117 AD2d 740). As a result, all of the defendant's postarrest statements, including those made to Detective Knox and Officer Simon at the police precinct later in the morning on the day of the crime should have been suppressed *(see, People v Chapple,* 38 NY2d 112). Here the prosecution relied heavily upon contradictions in the defendant's statements as circumstantial evidence of guilt. Therefore, the error may not be considered harmless *(see, People v Crimmins,* 36 NY2d 230).

We agree with the People that probable cause to arrest the defendant existed when he was taken into custody *(see, People v Cook,* 68 NY2d 830).

In light of our determination herein, we need not address the defendant's remaining contentions. Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.