# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

827

KA 11-01063

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

CEDRIC COBB, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered April 13, 2011. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We agree with defendant that County Court erred in refusing to suppress the statement that he made to the police. At the conclusion of the suppression hearing, defendant challenged the admissibility of the statement on the ground that the People failed to establish that the police officer who questioned him advised him that he had the right to remain silent. Although the court refused to suppress the statement "based on a determination that the warnings given were legally sufficient, examination of the transcript of the hearing discloses the absence of any proof that the component of the warnings specifically identified by [defendant] had been given," and thus the statement should have been suppressed (*People v Hutchinson*, 59 NY2d 923, 924-925; *see People v Gomez*, 192 AD2d 549, 550, *lv denied* 82 NY2d 806).

Nevertheless, we affirm the judgment because that error is harmless beyond a reasonable doubt (*see People v Chatman*, 38 AD3d 1282, 1283, *lv denied* 8 NY3d 983; *People v Thompson*, 295 AD2d 917, 918, *lv denied* 98 NY2d 772; *see generally People v Crimmins*, 36 NY2d

230, 237). The only statement made by defendant after the administration of the incomplete *Miranda* warnings was his admission that he lived in the apartment in which he was arrested. Defendant was arrested inside the apartment, however, by officers executing a warrant for his arrest at that location, and he was the only person present in the apartment at the time. Another officer was located by the rear of the apartment to prevent any escape attempt, and he observed someone throw a bag of crack cocaine from a bedroom window as the apprehending officers approached the bedroom from inside the apartment. Immediately thereafter, defendant was apprehended as he left that bedroom. In defendant's grand jury testimony, which was admitted in evidence at trial, he stated that he was the only person present in the apartment when the officers entered. At trial, officers testified that the amount of crack cocaine possessed was inconsistent with individual use, and that no paraphernalia for using crack cocaine was found in the apartment. The evidence at trial further established that defendant was apprehended leaving a bedroom in which a digital scale was discovered, and that such scales are commonly used to package drugs for sale. In addition, defendant spontaneously stated, "this is[] nothing, it's my first felony, I'll get probation," and he has not challenged the admissibility of that statement. Consequently, the evidence of defendant's guilt is overwhelming, and there is no reasonable possibility that the erroneous admission of the statement at issue contributed to the conviction (*see generally Crimmins*, 36 NY2d at 237; *People v Bastian*, 294 AD2d 882, 884, *lv denied* 98 NY2d 694).

The sentence is not unduly harsh or severe.

Entered: July 6, 2012                                    Frances E. Cafarell
                                                         Clerk of the Court