OPINION OF THE COURT
Per Curiam.
This appeal presents the question whether in view of the possible inconsistency between our decision in People v Chap-pie (38 NY2d 112) and that of the Supreme Court in Oregon v Elstad (470 US 298) the rule declared by us in Chappie remains viable. We conclude that the mandate of NY Constitution, article I, § 6 that "[n]o person * * * shall * * * be compelled in any criminal case to be a witness against himself’ would have little deterrent effect if the police know that they can as part of a continuous chain of events question a suspect in custody without warning, provided only they thereafter question him or her again after warnings have been given. The rule of the Chappie case, therefore, continues as a matter of State constitutional law, to govern the admissibility of statements obtained as a result of continuous custodial interrogation.
Defendant and his companion were stopped by three officers while walking down the street. The officer who testified at the suppression hearing, Robert Maas, stated that having been informed about an attempted burglary by two men whose *367 description closely approximated the appearance of defendant and his companion, he, with gun drawn as he approached them, questioned the two men about their activities and the contents of a bag held by defendant. The bag was taken from defendant and, when it was found to contain a revolver, defendant and his companion were placed against the police van and searched. A pair of handcuffs and some marihuana were found on defendant’s person and he was then placed in the police van for transportation to the precinct. While being so transported, defendant was asked by Officer Maas where he got the gun and responded that he bought it downtown for $100 and that he carried the gun and the handcuffs because he had recently been "ripped off” and planned if that happened again to use the gun for protection and then handcuff his assailant. Prior to making that statement defendant had not been advised of his constitutional rights, but upon arrival at the precinct he was so advised and thereafter repeated to the officer what he had said in the van. The hearing Judge suppressed the first unwarned statement but not the physical evidence or the second statement.
The hearing Judge found that there was probable cause to arrest defendant and the Appellate Division affirmed. There being evidence in the record to support that finding, denial of suppression of the gun, handcuffs and marihuana seized from defendant is beyond our power of review (People v Krom, 61 NY2d 187; People v Alexander, 37 NY2d 202; see, People v Rizzo, 40 NY2d 425). Denial of suppression of the second statement is not beyond our reach, however, there being no dispute as to the facts or the inferences to be drawn from them in this case (People v Ferro, 63 NY2d 316, 321).
The second statement, though given after the warnings required by article I, § 6 of our Constitution, must be suppressed. In People v Chapple (supra) we distinguished People v Tanner (30 NY2d 102) as premised on the theory (sometimes referred to as the "cat out of the bag” theory) that Tanner had made his second statement on constraint of the first unwarned custodial statement. Chappie’s later warned statements were suppressed, rather, on the basis that the sequence of events beginning with his arrest and unwarned statement and ending with four typewritten and signed confessions "was, in reality, a single continuous chain of events” (38 NY2d, at p 114). All of Chappie’s statements were suppressed not on the basis of defendant’s testimony concerning his state of mind, but on the testimony of the arresting officer which made clear *368 that Chappie had been subjected to such a continuous interrogation that the warnings administered before the later statements were insufficient to protect his rights (id.).
Here, as in Chapple, the testimony of the arresting officer establishes the close sequence between the unwarned custodial statement in the van and its repetition soon after defendant arrived at the precinct. There must, therefore, be suppression of the second statement as well as the first. As we read Elstad, it is distinguishable on its facts, but to the extent that any part of its determination may be inconsistent with Chap-pie we adhere as a matter of State constitutional law to the rule we set forth in that case.*
Accordingly, the order of the Appellate Division should be reversed, defendant’s statements suppressed, defendant’s guilty plea vacated, and the case remitted to Supreme Court, New York County, for further proceedings on the indictment.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur in Per Curiam opinion; Judge Titone taking no part.
Order reversed, etc.

 The People suggest that our citation of Elstad in People v Witherspoon (66 NY2d 973, 975) indicates our acceptance of its entire reasoning. That reference was, however, dictum and, as such, not entitled to stare decisis effect (People ex rel. Metropolitan St. Ry. Co. v State Bd. of Tax Commrs., 174 NY 417, 447; see, People v Anderson, 66 NY2d 529; 29 NY Jur 2d, Courts and Judges, § 481, at 248).