■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN DOUGLAS, Respondent.

On October 21, 1983, at approximately 4:30 A.M., the police observed the defendant and another man carrying two plastic garbage bags out of an alleyway. When the police approached the two men and identified themselves, one of the men dropped the bag he was carrying and fled. The other man was the defendant who also dropped the bag he was carrying and attempted to flee, but he was detained by one of the officers who noticed a bulge in the defendant's sock and removed a screwdriver therefrom. The officer then looked into the bag the defendant had been carrying and observed a computer display monitor. The other officer then approached with the bag dropped by the man who had fled. When he observed that the computer parts contained in that bag matched the computer monitor in the bag carried by the defendant, he said, "[g]ee, I wonder where this came from". The defendant responded that "they came from a garbage can on the corner. Come on, I'll show you". The defendant was arrested and brought to the precinct where he received *Miranda* warnings for the first time and made another statement.

After a hearing, Criminal Term suppressed both the physical evidence found in the bag carried by the defendant and his statements.

Under the totality of the circumstances, the limited intrusion of the police officer in looking into the bag the defendant had dropped was an appropriate and reasonable response to the officers' observations. "The reasonableness standard contemplates and permits a flexible set of escalating police responses, provided only that they remain reasonably related in scope and intensity to the information the officer initially has, and to the information he gathers as his encounter with the citizen unfolds" *(People v Finlayson,* 76 AD2d 670, 675, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931).

The facts that this encounter took place at approximately 4:30 A.M., the defendant's companion immediately dropped his bag and fled when the police approached, the defendant attempted to flee and dropped his bag, and a bulge was observed in the defendant's sock, which turned out to be a screwdriver, a potential burglar's tool, have the cumulative effect of justifying the police officer's actions in opening the bag the defendant had been carrying as reasonable and proper under the circumstances. Therefore, the physical evidence discovered should not have been suppressed.

Insofar as the admissibility of the defendant's statements is concerned, his statement at the arrest scene may not be

considered spontaneous because it was triggered by the conduct of the police *(see, People v Lynes,* 49 NY2d 286, 295). Since the statement made by the defendant at the precinct after having been read his *Miranda* rights followed the previous statement by less than half an hour with no attenuation between the two, that statement was also properly suppressed *(see, People v Bethea,* 67 NY2d 364). Niehoff, J. P., Weinstein, Lawrence and Eiber, JJ., concur.