■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DOUGLAS, Appellant.—Motion by the defendant for reargument of an appeal from an order of the Supreme Court, Queens County (Linakis, J.), dated April 11, 1984, which was determined by a decision and an order of this court, both dated November 24, 1986 *(People v Douglas,* 124 AD2d 815).

Ordered that the motion is granted, and upon reargument, the decision of this court dated November 24, 1986, is modified by (1) deleting from page one thereof, the words "who noticed a bulge in the defendant's sock and removed the screwdriver therefrom", (2) deleting from page two thereof, the words "and a bulge was observed in the defendant's sock, which turned out to be a screwdriver, a potential burglar's tool", and (3) by adding to page two thereof, after the word "approached" and before the words "the defendant attempted to flee", the word "and". In all other respects, the decision and the order, both dated November 24, 1986, are adhered to. Niehoff, J. P., Lawrence, Weinstein and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIEL FELICIANO, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Mirabile, J.), both rendered June 1, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree under indictment No. 4683/80, upon a jury verdict, and robbery in the second degree under indictment No. 1781/80, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention with regard to his judgment of conviction under indictment No. 4683/80, that he was deprived of a fair trial as a result of prosecutorial misconduct, is without merit. The prosecutor's remarks were a fair comment on the evidence, and any possible prejudice to the defendant was eliminated by the trial court's instructions to the jury.

We have reviewed the record with regard to the judgment of conviction under indictment No. 1781/80 and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal therefrom. Counsel's application for leave to withdraw as counsel as to the appeal from that judgment is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.