■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ROBERTSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered December 9, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (O'Dwyer, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress two statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress two statements made by him to law enforcement authorities is granted, and a new trial is ordered.

On the morning of December 5, 1984, the defendant was taken into custody by the police and questioned without being given his *Miranda* warnings. After being questioned off and on for approximately four hours, during which time the defendant denied involvement, he finally told his interrogator that he wished to tell him about the death and robbery of

Eustace Samuels. At that point, the defendant was first given his *Miranda* warnings. He then gave the police a statement in which he implicated himself in the crime. Between 1 and 2 hours later, with the first interrogator present, the defendant, after receiving additional *Miranda* warnings, gave a video-taped statement to an Assistant District Attorney.

It was error for the hearing court to fail to suppress both of the defendant's statements. Under the New York State Constitution, in cases where custodial questioning commences prior to the time a defendant is given his *Miranda* warnings, the supplying of those warnings at a subsequent time is too late unless there is such a definite, pronounced break in the questioning that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning *(see, People v Bethea,* 67 NY2d 364, 366; *People v Chapple,* 38 NY2d 112, 115; *People v Newson,* 68 AD2d 377, 391). As recently stated in *People v Bethea (supra,* at 366), the rule is as follows: "This appeal presents the question whether in view of the possible inconsistency between our decision in *People v Chapple* (38 NY2d 112) and that of the Supreme Court in *Oregon v Elstad* (470 US 298) the rule declared by us in *Chapple* remains viable. We conclude that the mandate of NY Constitution, article I, § 6 that '[n]o person * * * shall * * * be compelled in any criminal case to be a witness against himself' would have little deterrent effect if the police know that they can as part of a continuous chain of events question a suspect in custody without warning, provided only they thereafter question him or her again after warnings have been given. The rule of the *Chapple* case, therefore, continues as a matter of State constitutional law, to govern the admissibility of statements obtained as a result of continuous custodial interrogation."

Therefore, the fact that the defendant received *Miranda* warnings after he had been intermittently questioned for approximately four hours just moments before he made his first inculpatory statement did not show that the statements were voluntarily made.

Further, under the circumstances of this case, there was insufficient evidence to demonstrate that there was a definite pronounced break in the questioning between the first and second statement to permit the second statement to be utilized at trial *(see, People v Newson, supra,* at 392; *accord, People v Johnson,* 79 AD2d 617, 618).

Finally, under the circumstances revealed in this record, the

admission of these statements did not constitute harmless error *(see, People v Levan,* 62 NY2d 139; *Harrison v United States,* 392 US 219, 223). In light of our holding, we do not reach the other issues raised on appeal. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.