■ In the Matter of LAMONT M.—Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings on the petition. Memorandum: As fire engulfed the house in which respondent's mother resided, respondent, age 13, attempted to enter the building despite specific orders from fire personnel who were fighting the fire that he not do so. Respondent, nonetheless, continued his efforts to enter the building by pushing and shoving firefighters and shouting obscenities. Police assistance was requested and a responding officer removed respondent from the scene and escorted him to a patrol vehicle. He was placed in the rear of the police vehicle and, because of his continued violent and uncooperative activities, was handcuffed and placed in leg restraints and driven in the police car about half a block from the scene. Shortly thereafter, a police investigator went to the car and asked respondent "what was going on", to which respondent answered "if you get me out of * * * get my feet undone * * * and get these cuffs off, I will tell you what happened". Thereupon the

investigator terminated the conversation, the leg restraints were removed and respondent was taken to the Public Safety Building Person's Unit for questioning. At the Person's Unit, an approved facility for the questioning of juveniles, in the presence of his mother, who had also been transported to the Public Safety Building, respondent was informed of his rights. Both he and his mother said they understood and both agreed to waive respondent's rights, after which respondent admitted that he had started the fire and signed a written statement attesting to this fact.

After a *Huntley* hearing, the court held that the questioning at the Public Safety Building after respondent had been *Mirandized* was in all respects proper, but suppressed the statement, finding that respondent was in custody when he was physically restrained and placed in the police car, and that the questioning by the police investigator at that stage without the benefit of *Miranda* warnings so tainted the later questioning as to require suppression of the statement. We reverse.

The prewarning statement was not incriminating and did not "let the cat out of the bag" so as to render the *Miranda* warnings subsequently administered meaningless *(see, People v Chapple,* 38 NY2d 112, 114). The post-*Miranda* questioning at the Public Safety Building was sufficiently removed in time, space and circumstances to alleviate the effect of any statement made by respondent before warnings were administered *(People v Bethea,* 67 NY2d 364).

Respondent's argument that his post-*Miranda* statement was involuntary because he was intoxicated lacks any support in this record. (Appeal from order of Monroe County Family Court, Willis, J.—juvenile delinquency.) Present—Doerr, J. P., Denman, Boomer, Green and Balio, JJ.