■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACOBS, Appellant.—Mahoney, P. J., Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 14, 1987, upon a verdict convicting defendant of the crime of assault in the second degree.

On June 22, 1986 at about 6:00 A.M., defendant, suspecting that his paramour, Kathleen Fitzgerald, was entertaining another man, went to her home and, after she refused him

entrance, forced his way into her apartment. Another man, James Hoover, was present. After defendant refused to leave, a heated oral dispute between defendant and Hoover escalated into a fight which resulted in defendant being thrown out of the front door, where he caught his foot on a stair railing and fell to the ground. Hoover followed defendant outside and physically threw him into his car with an angry admonition to leave the premises. Rather than leave, defendant exited the vehicle with a knife in his hand, and after another physical altercation he stabbed Hoover in the chest.

Defendant was indicted for the crime of assault in the second degree. Prior to trial, defendant moved to suppress statements he made prior to his arrest and those subsequent to arrest and after he had been given *Miranda* warnings. County Court granted the motion only as to those statements made by defendant before he was given the *Miranda* warnings. This appeal by defendant ensued.

The evidence introduced at the suppression hearing revealed that Detective Keith Camillo of the Ulster County Sheriff's Department was at the Fitzgerald residence at about 7:30 A.M. on June 22, 1986 investigating the stabbing when he received a phone call from defendant. After a preliminary discussion, Camillo and defendant agreed to meet at the post office in the community of Modena, Ulster County. Once there, defendant admitted to Camillo that he stabbed Hoover. Camillo then arrested defendant and read him his *Miranda* rights. While being transported to police headquarters in the City of Kingston, defendant voluntarily stated that he stabbed Hoover in self-defense. At police headquarters defendant was turned over to Detective Lieutenant John Lima. After Lima again advised defendant of his *Miranda* rights, he elicited from defendant essentially the same facts concerning the stabbing as defendant had given to Camillo. County Court concluded from statements made by Camillo that defendant was in custody when he was interrogated at Modena and that, therefore, statements made by defendant before his *Miranda* rights were given to him were inadmissible.

The issue before us is whether defendant's statements made after he had been given his *Miranda* rights were voluntary and admissible, given the circumstances under which they were obtained. The Court of Appeals has held that statements given after *Miranda* warnings must be suppressed where the sequence of events beginning with an arrest and unwarned statement and ending with a post-*Miranda* warning confession " 'was, in reality, a single continuous chain of events' "

*(People v Bethea,* 67 NY2d 364, 367, quoting *People v Chapple,* 38 NY2d 112, 114). Here, unlike *Bethea* and *Chapple,* there was not a single continuous chain of events. Defendant was arrested and placed in a police car and then transported to the police station. The second interrogation was performed by a different police officer and was preceded by another reading of defendant's *Miranda* rights. Thus, defendant had an opportunity to reflect upon his situation *(see, People v Pabon,* 120 AD2d 685, 686, *lv denied* 68 NY2d 1003). Under these circumstances, we concur with County Court's ruling that statements made by defendant after he was read his *Miranda* rights were admissible.

We have considered the remaining arguments advanced by defendant and find them without merit.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.