■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD VAUGHN, Also Known as ORLANDO FRAZIER, Appellant.

The defendant, who was jointly tried with a codefendant, was convicted of the nighttime, gunpoint robbery of two complainants. The defendant and his codefendant were apprehended in a public school yard shortly after the robbery, at which time a gun was recovered from the waistband of the defendant's pants.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's contention that it was error for the trial court to permit into evidence testimony that upon the apprehension of the defendant and his codefendant in a public school yard at night and the discovery of the gun on the defendant's person, the arresting officer, prior to giving any *Miranda* warnings, asked the codefendant, "Where's the other gun?" and the codefendant answered, "There was only one gun" *(see, New York v Quarles,* 467 US 649). In any event, any error with regard to the admission of this testimony was harmless *(cf., People v Payne,* 35 NY2d 22, 27).

In addition, the trial court properly refused to charge robbery in the second degree pursuant to Penal Law § 160.10 (1) as lesser included offenses of the robbery in the first degree counts under Penal Law § 160.15 (2) *(see,* CPL 1.20 [37]; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427, 431, *rearg denied* 57 NY2d 775; *People v Acevedo,* 40 NY2d 701).

We find no basis for modifying the sentence imposed by the trial court *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.