■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS A. BEAMES, Appellant.—Levine, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 16, 1987, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant appeals from County Court's denial of his motion to suppress a confession and from the sentence he received upon a negotiated guilty plea to the second degree burglary count of the indictment. As to the confession issue, the only witness at the suppression hearing was the State Police investigator who arrested defendant and took defendant's statement. The investigator testified that, on the morning of January 5, 1987, he was assigned to participate in the investigation of a break-in at the Fort Ann, Washington County, home and robbery of an elderly man named Arthur Stiles during the preceding night. Specifically, the investigator and another officer were directed to proceed to the residence of a young woman who was the girlfriend of one of the suspected perpetrators to question her and retrieve evidence. The investigator was given information from his superior sufficient to establish probable cause to arrest defendant. Upon being admitted to the girl's apartment, the investigator learned that defendant was sleeping in the bedroom. Defendant was awakened and agreed to accompany the two State Police officers to the nearest State Police substation. After leaving the premises at about 10:30 A.M., defendant was placed under arrest and told that it was for the crime against Stiles. There was no interrogation of defendant until they arrived at the substation some 15 minutes later.

When defendant and the investigators arrived at the State Police substation, defendant was brought to an interrogation room where the two officers began asking him questions regarding the Stiles matter. Defendant, however, was not advised of his *Miranda* rights until noon. This followed a colloquy between defendant and the investigator in which defendant said that the police had nothing incriminating on him and that he had not lied, to which the investigator replied that there was a discrepancy in some of his stories. At that point defendant said, "You haven't given me my rights yet", whereupon the investigator acknowledged that fact and read him the *Miranda* warnings. After about an hour of

further interrogation, defendant began making incriminating oral admissions and signed a full written confession at about 3:30 P.M.

The issue of admissibility of defendant's confession is, upon the foregoing facts, controlled by the Court of Appeals decision in *People v Chapple* (38 NY2d 112), the full holding of which was recently reaffirmed in *People v Bethea* (67 NY2d 364). In *Chapple,* it was held that "[w]arnings, to be effective * * * must *precede* the subjection of a defendant to questioning [emphasis in original]. Later is too late, unless there is such a *definite, pronounced break in the interrogation* that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning [emphasis supplied]" *(People v Chapple, supra,* at 115).

Although County Court found that there was "a sufficient intervening period so that the *Miranda* rights would cover the new admissions", the testimony of the investigator who obtained defendant's confession permits no other conclusion than that defendant was in the police interrogation room continuously from 10:45 A.M. to 3:30 P.M., except for brief interruptions to go to the bathroom or the telephone, and that, during that time, he was in the continuous presence and subjected to questioning by the arresting officers except, and again only for instances, when the conversation digressed into unrelated matters. There was no clearly delineated hiatus in which it could be inferred that defendant had sufficient time of reflection to have been "returned, in effect, to the status of one * * * not under the influence of questioning" *(supra,* at 115; *cf., People v Jacobs,* 136 AD2d 796, 798; *People v Mahoney,* 122 AD2d 815, *lv denied* 68 NY2d 1002; *People v Pabon,* 120 AD2d 685, 686, *lv denied* 68 NY2d 1003).

A second reason advanced by County Court for upholding defendant's confession was that he made no incriminating statement prior to his actually being advised of his rights. Under *Chapple,* this is not significant, as indicated by that decision's express reliance on *Westover v United States* (384 US 436), decided with *Miranda v Arizona* (384 US 436; *People v Chapple, supra,* at 115). In *Westover,* the United States Supreme Court invalidated a confession obtained by the FBI after warnings of rights had been given because it was immediately preceded by unproductive interrogation, without warnings, by local police *(Westover v United States, supra,* at 494-496). Thus, this subjective factor is irrelevant on "an assessment of [the] external events" *(People v Chapple, supra,* at 115). Consequently, despite evidence from which it could be

inferred that defendant was aware of his *Miranda* rights throughout and that he voluntarily inculpated himself despite the earlier unwarned interrogation, namely, his reminder to the officers that they had not "given me my rights" and the fact that he did not make any admission until an hour of further interrogation after the warnings were given, *Chapple* and *Bethea* constrain us to reverse.

Judgment reversed, on the law, motion to suppress defendant's statement granted, and matter remitted to the County Court of Washington County for further proceedings on the indictment. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.