THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GRAVES, Appellant.—

The second statement must also be suppressed. We cannot conclude on this record that there was "such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple,* 38 NY2d 112, 115). Defendant's statement at the police station must therefore be suppressed as the product of a continuous interrogation *(see, People v Bethea,* 67 NY2d 364; *People v Chapple, supra; People v Campbell,* 123 AD2d 878; *People v Bodner,* 75 AD2d 440). (Appeal from judgment of Monroe County Court, Egan, J.—sexual abuse, first degree.) Present— Dillon, P. J., Denman, Green, Balio and Lawton, JJ.