■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN C. HAWTHORNE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered November 12, 1986, convicting him of robbery in the first degree (four counts), upon his plea of guilty, and

imposing sentence. The appeal brings up for review the denial (Boklan, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made to law enforcement officials, physical evidence, and identification evidence.

Ordered that the judgment is affirmed.

At about 2:45 A.M. on September 17th, 1985, Police Officer Joseph Clarke, responding to a radio report that an armed suspect was fleeing from a disturbance in a Nassau County bar, spotted the defendant and apprehended him after a brief chase. Upon catching up with the defendant, Clarke "held onto him" and immediately asked "where is the gun?". The defendant replied that he didn't have a gun. Clarke placed the defendant in his patrol car, and was waiting for other police officers to conclude their search of the area when he heard a radio transmission which indicated that a gun had been found. Clarke remarked to the defendant that "I thought you didn't have a gun", and the defendant responded, "it wasn't loaded". Clarke then drove the defendant to the precinct, where he was fully advised of his *Miranda* rights before making an inculpatory statement to a detective approximately 40 minutes later.

We find no merit to the defendant's contention that the hearing court erred in refusing to suppress his response to Clarke's initial inquiry as to the location of the gun. The officer's inquiry was justifiable for safety reasons and did not violate the defendant's constitutional right against self-incrimination *(see, New York v Quarles,* 467 US 649; *People v Vaughn,* 140 AD2d 392; *People v Chatman,* 122 AD2d 148; *People v Waiters,* 121 AD2d 414). Moreover, while the defendant's response to Clarke's comment that he thought the defendant did not have a gun was properly suppressed because it was the type of comment likely to elicit a response, we agree with the hearing court that it was not designed to obtain a confession, and did not vitiate the effectiveness of the *Miranda* warnings later given to the defendant at the precinct *(see, People v Alaire,* 148 AD2d 731, 738; *cf., People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112, 114-115; *People v Douglas,* 124 AD2d 815). Further, in view of the fact that the defendant was not subject to any additional police interrogation during the approximately 40-minute period which elapsed between his second statement to Clarke and his post-*Miranda* warning statement to the detective at the precinct, we conclude that his third statement was not the product of a

continuous interrogation *(cf., People v Bethea, supra; People v Chapple, supra; People v Jacobs,* 136 AD2d 796).

The defendant's further contention that the pretrial identification procedures utilized by the police were suggestive and conducive to irreparable mistaken identification was considered and rejected by this court on his codefendant's appeal *(see, People v Smith,* 154 AD2d 633). The defendant has not advanced any argument requiring a different result herein.

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.