■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered September 28, 1989, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Farlo, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law and the facts, that branch of defendant's omnibus motion which was to suppress his statements to law enforcement authorities is granted, and a new trial is ordered.

At a *Huntley* hearing, it was established that the defendant was arrested at about 2:20 P.M., on October 4, 1988, and taken to the 106th precinct in Queens. Prior to receiving *Miranda* warnings, the defendant was in custody for a period of approximately eight-hours, during which time he denied participation in the crime. At about 10:30 P.M., the interrogating detective administered *Miranda* warnings and the defendant thereafter provided two written statements and videotaped confession to an Assistant District Attorney.

At the hearing, the detective who interrogated the defendant initially testified that he had subjected the defendant to "continued questioning" between 2:45 P.M. and 9:30 P.M. The detective subsequently qualified his testimony by stating that he did not question the defendant continuously, but rather questioned him for a period of approximately three and one-half hours. On redirect, however, the detective testified that during this three and one-half hour period he only questioned the defendant for two and one-half hours. Later, however, when questioned by the court, the detective indicated that he actually questioned the defendant for a period of only 30 minutes. The detective's testimony did not indicate precisely when this 30 minutes of interrogation occurred during the eight-hour period which preceded his issuance of *Miranda* warnings.

After the hearing was completed, the court denied that branch of the defendant's omnibus motion which was to suppress his statements, concluding, *inter alia,* that the defendant's statements were admissible, notwithstanding the period which elapsed prior to the giving of *Miranda* warnings, since the defendant "was not subjected to continuous, overbearing questioning during this period but rather to approximately a total of 1/2 hour of interrogation." On appeal, the defendant argues, *inter alia,* that his statements were the product of a pre-*Miranda* warning interrogation whose effects were not dispelled by the subsequent administering of his *Miranda* rights some eight hours after his arrest. We agree.

We have recently observed that, "[u]nder the New York State Constitution, in cases where custodial questioning commences prior to the time a defendant is given his *Miranda* warnings, the supplying of those warnings at a subsequent time is too late unless there is such a definite, pronounced break in the questioning that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Robertson,* 133 AD2d 355, 356; *see, People v Chapple,* 38 NY2d 112, 115; *see also,*

*People v English,* 73 NY2d 20, 24; *People v Bethea,* 67 NY2d 364; *People v Graves,* 158 AD2d 916, 917; *People v Beames,* 149 AD2d 817, 818; *People v Torres,* 143 AD2d 582). On the record before us, we cannot conclude that prior to the defendant's statements, he was "returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple, supra,* at 115; *People v Morton,* 174 AD2d 1019; *People v Gotte,* 150 AD2d 488, 489).

Although the hearing court chose to credit the detective's final estimate that only 30 minutes of interrogation actually occurred during the eight-hour period which preceded the administering of *Miranda* warnings, his testimony was equivocal and inconsistent with respect to this key issue. Further, the detective's hearing testimony does not satisfactorily reconcile his conflicting statements so as to provide a logical foundation for the court's decision to credit one particular estimate of time over another. More significantly, the testimony concerning the 30 minutes of pre-warning interrogation does not specify precisely when this period of questioning occurred in relation to the ultimate administering of the warnings. Insofar as the detective's testimony discloses, the interrogation could have occurred minutes before the warnings were finally administered or hours prior to their issuance. As a consequence, and even crediting the detective's assertion that only 30 minutes of questioning occurred during the entire eight-hour time period, it is impossible to conclude that the requisite "pronounced break" in questioning occurred before the defendant's inculpatory statements were made *(see, People v Chapple, supra; People v Graves, supra).* Accordingly, the defendant's statements must be suppressed. Contrary to the People's contentions, the admission of the defendant's statements cannot be considered harmless under the circumstances presented *(see, People v Morton, supra; People v Robertson,* 133 AD2d 355, *supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.