■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAVIN F. DANIELS, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Dutchess County (Hillery, J.), rendered July 27, 1989, convicting him of murder in the second degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence; and (2) by permission, from an order of the same court, entered August 27, 1991, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities is granted, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic.

The defendant was arrested in connection with a homicide perpetrated in New York, after which he fled to New Jersey. At a *Huntley* hearing it was established that the defendant was arrested in New Jersey on July 13, 1988, and was taken to the Seaside Heights Police Department. While he was in custody and being transported to the precinct, an investigator with the New York City Police Department asked him, *inter alia,* if he knew why the investigator was there. The defendant asked if it had anything to do with the hotel in Fishkill, New York. The investigator explained that he was investigating a homicide and believed that the defendant was involved. The defendant then made certain inculpatory statements. Upon arrival at the police station the defendant was given *Miranda* warnings and made a full confession. The hearing court found that the statements made by the defendant while being transported to the police station were not obtained in violation of his constitutional rights because "[r]easonable inquiry is permissible when conducting the initial phase of a police investigation". Nevertheless, the People were precluded

from admitting those statements at trial because they had failed to serve notice in accordance with CPL 710.30. The court denied suppression of the statements made at the police station, finding that the defendant had been advised of his *Miranda* rights which he waived. We disagree and find that the statements made by the defendant both before and after the administration of the *Miranda* warnings are subject to suppression.

With respect to the statements made by the defendant while being transported to the police station, we find that they were subject to suppression as being the result of a custodial interrogation without the benefit of the *Miranda* warnings. Moreover, there was not such a definite, pronounced break in the interrogation between the time of the initial custodial statements and the statements made at the police station, that the defendant may be said to have returned, in effect, to the status of one who was not under the influence of questioning *(see, People v Chapple,* 38 NY2d 112, 115; *People v Bethea,* 67 NY2d 364). Thus, the defendant's statements at the police station must also be suppressed as the product of a continuous interrogation *(see, People v Anderson,* 178 AD2d 605; *People v Graves,* 158 AD2d 916; *People v Gotte,* 150 AD2d 488; *People v Robertson,* 133 AD2d 355).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.