■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC GUNDERSEN, Appellant. [682 NYS2d 215] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 27, 1995, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a videotaped statement made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress a videotaped statement made by him to law enforcement authorities is granted, and a new trial is ordered.

The hearing court erred in concluding that the defendant's videotaped statement was sufficiently attenuated from the taint of his prior illegal arrest (*see, People v Harris,* 77 NY2d 434; *People v Bethea,* 67 NY2d 364; *see also, Brown v Illinois,* 422 US 590; *Wong Sun v United States,* 371 US 471; *cf., People v Conyers,* 68 NY2d 982). In finding attenuation, the hearing court relied in large part upon testimony introduced during the separate suppression hearings of two codefendants, over which the court also presided. However, no evidence was presented by the People at the defendant's suppression hearing with respect to that testimony. Accordingly, the court erred in relying upon facts developed in separate hearings to buttress its conclusion with respect to attenuation (*see, People v Victor,* 74 NY2d 874, 876).

Moreover, none of the remaining factors considered by the court supports the conclusion that the videotaped statement was properly attenuated from the illegal police conduct. The mere fact the several hours elapsed is inconclusive (*see, People v Harris, supra,* at 441), as is the assertion that *Miranda* warnings had been issued prior to the taking of the videotaped statement (*see, Wong Sun v United States, supra; Brown v Illinois, supra; People v Conyers, supra*). The record further indicates that there were no significant intervening events which could be viewed as sufficiently attenuating the videotaped statement

from the prior taint of impropriety (*see, People v Conyers, supra*; *People v Anderson,* 178 AD2d 605; *People v Robertson,* 133 AD2d 355; *cf., People v Gordon,* 87 AD2d 636). Under the circumstances presented, there was insufficient attenuation to warrant admission of the defendant's videotaped statement.

The trial court admitted into evidence a redacted statement made by nontestifying codefendant Frank Plumey. We hold that the manner in which the court redacted the statement unfairly prejudiced the defendant (*cf., People v Mahboubian,* 74 NY2d 174). Plumey's unredacted statement contained a description of the assault in which Plumey asserted that "everybody" at the scene, except for himself, the defendant, and a third man, continued to strike the victim after a gun was forcibly taken away from the victim. However, in the redacted version of the statement, a copy of the transcript of which the jury requested during its deliberations, the defendant's name was edited out, and Plumey's statements to the effect that "everybody" present was striking the victim, were left intact. We agree with the defendant that the redacted version of the statement could be construed as including him among those who remained and then assaulted the victim after he had been disarmed—an inculpatory inference directly conflicting with the defendant's position at trial that he only acted to disarm the victim and never struck him once that was accomplished.

The defendant's remaining contentions are without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.