THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. KAUFMAN, Appellant. [732 NYS2d 761] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, *inter alia,* two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count each of rape in the first degree (Penal Law § 130.35 [1]) and sodomy in the first degree (Penal Law § 130.50 [1]). We reject defendant's contention that the evidence of rape, sodomy and thus felony murder is legally insufficient to support the conviction of those counts. Contrary to defendant's contention, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley,* 69 NY2d 490, 495). The statement of defendant admitting that he had sexual relations with the victim is corroborated by the medical evidence, and a witness testified that defendant told other inmates that the victim had struggled with him during sexual relations. We further reject defendant's

contention that the verdict is against the weight of the evidence with respect to those counts. Although another result would not have been unreasonable, it does not appear that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley, supra,* at 495).

Defendant failed to move to strike the hearsay testimony of a witness or to request a curative instruction and thus failed to preserve for our review his contention that County Court erred in admitting that testimony (*see, People v Glover,* 60 NY2d 783, 785, *cert denied* 466 US 975). Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. Defendant failed to object to the instances of alleged misconduct raised on appeal and thus has failed to preserve his present contention for our review (*see,* CPL 470.05 [2]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We conclude that the court properly refused to suppress the oral statement made by defendant at his home. The court properly determined that the oral statement was not the product of custodial interrogation (*see, People v Schultz,* 176 AD2d 1239, *lv denied* 79 NY2d 832; *see generally, People v Taylor,* 256 AD2d 1146, *lv denied* 93 NY2d 879).

The court also properly refused to suppress the second and third written statements made by defendant at the police station. Before defendant made the first of his three written statements, he was given *Miranda* warnings in the police car on the way to the police station. The court's determination that those warnings were not properly administered because the police officer testified that he usually recites *Miranda* warnings from memory is entitled to great deference, and thus we do not disturb that determination (*see, People v Prochilo,* 41 NY2d 759, 761). When defendant's first statement was reduced to writing, the police officer read the *Miranda* warnings to defendant from the form on which defendant's statement was written. Defendant acknowledged that he understood his rights and initialed each warning. Although defendant made inculpatory statements at that time, he did not confess to any of the crimes charged. Another officer who had observed defendant waive his rights then began questioning defendant. Defendant confessed to the murder in a second written statement and in a third written statement made shortly thereafter. The court suppressed a videotaped confession and a videotaped recap of the third written statement, but determined upon viewing those videotapes that it was clear that defendant's written

statements were voluntary. The court determined that, in fact, "defendant wanted to tell the police his version of what had happened and that full *Miranda* warnings * * * prior to the first custodial statement would not have changed defendant's decision to speak to the police."

Under the circumstances of this case, we conclude that the court properly refused to suppress the second and third written statements. We do not disturb the court's determination that defendant's statements were the result of a single continuous chain of events (*see, People v Chapple,* 38 NY2d 112, 115; *see generally, People v Prochilo, supra,* at 761; *cf., People v Smith,* 275 AD2d 951, *lv denied* 96 NY2d 739; *People v Hicks,* 226 AD2d 938, 939-940, *lv denied* 88 NY2d 937; *People v Jacobs,* 136 AD2d 796, 797-798). However, we agree with the court that, "[o]n this record, the voluntariness of the defendant's [second and third written] statements was so apparent that [they] need not be suppressed because of the insufficient warnings preceding [the first written] statement" (*People v Gomez,* 192 AD2d 549, 550, *lv denied* 82 NY2d 806). We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.