THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. STURDIVANT, Appellant. [799 NYS2d 835]—

Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered December 24, 2003 in Albany County, upon a verdict convicting defendant of the crimes of attempted arson in the second degree, unlawful imprisonment in the first degree, endangering the welfare of a child (three counts) and assault in the third degree.

Defendant was arrested for various crimes after he entered his victim's home, argued with her, punched her, threw their daughter on a bed, closed the victim and their children in a room and attempted to start the room on fire. While in the cellblock, a police detective, who had already interviewed the victim, spoke with defendant about the incident. Although he initially denied involvement, after the detective informed him of the victim's version of events, defendant admitted that the incident occurred as the victim had said. Once defendant acknowledged that the victim's version was accurate, the detective asked defendant if he would go upstairs and speak further. Defendant agreed to do so. The detective immediately took defendant to an upstairs interview room where, for the first time, the detective informed defendant of his *Miranda* rights. Defendant waived those rights and made statements, some of which were consistent with his admissions in the cellblock and some which were contradictory.

Following a *Huntley* hearing, County Court (Herrick, J.) denied defendant's motion to suppress the statements made af-

ter defendant was given his *Miranda* warnings, finding that there was a definite break between the questioning in the cellblock and the interview room so that defendant was no longer under the influence of the pre-*Miranda* questioning. At trial in Supreme Court (Teresi, J.), the jury found defendant guilty of six out of 10 counts of the indictment—attempted arson in the second degree, unlawful imprisonment in the first degree, endangering the welfare of a child (three counts) and assault in the third degree. The court subsequently denied defendant's CPL 330.30 motion and imposed sentence. Defendant appeals.

Because defendant's statements to the detective both before and after he was given his *Miranda* warnings were part of a continuous custodial interrogation, County Court erred in denying defendant's motion to suppress his statements. *Miranda* warnings are ineffective unless they precede questioning (*see People v Chapple*, 38 NY2d 112, 115 [1975]). "Later is too late, unless there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*id.* [citations omitted]; *see People v Bethea*, 67 NY2d 364, 367-368 [1986]; *People v Hicks*, 226 AD2d 938, 939 [1996], *lv denied* 88 NY2d 937 [1996]). Returning a defendant to such status requires a "clearly delineated hiatus in which it could be inferred that defendant had sufficient time of reflection" (*People v Beames*, 149 AD2d 817, 818 [1989]). County Court incorrectly found that because defendant began to change his story in his second statement, he was no longer under the influence of the first inquiry (*see People v Bethea, supra* at 367-368; *People v Chapple, supra* at 115). On the contrary, the needed hiatus in questioning is to provide a defendant with sufficient time to reflect upon his or her situation so that he or she "may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v Chapple, supra* at 115; *see People v Ripic*, 182 AD2d 226, 236 [1992], *appeal dismissed* 81 NY2d 776 [1993]). Absent such a break, *Miranda* warnings given during a continuous interrogation are insufficient to protect a defendant's rights (*see People v Paulman*, 5 NY3d 122, 130-131 [2005]; *People v Bethea, supra* at 367-368; *People v Chapple, supra* at 115).

Here, there was no break in the interrogation. According to the evidence at the *Huntley* hearing, approximately five minutes passed from the time the detective first approached defendant in the cellblock to when he provided *Miranda* warnings and began his interview in the upstairs interview room. The few moments it took to transport defendant upstairs was insuf-

ficient to create any break in the interrogation (*compare People v Ripic, supra* at 236 [brief interruptions of bathroom breaks and 10-minute ride to police station insufficient]). Unlike *People v Hicks* (*supra* at 940), here the subsequent questioning was conducted by the same officer and the break between questioning was significantly shorter. The detective's testimony established that defendant was subjected to continuous custodial interrogation without a definitive or pronounced break in questioning, such that the *Miranda* warnings given during that interrogation were insufficient to protect his rights (*see People v Bethea, supra* at 367-368; *People v Chapple, supra* at 115; *compare People v Paulman, supra* at 131). Accordingly, defendant was entitled to have his statements suppressed.

Based on our remittal, we need only address defendant's contention that we should dismiss the indictment because the verdict was against the weight of the evidence. Considering the victim's testimony, physical evidence collected by the police and defendant's admissions, we reject that contention (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, defendant's motion to suppress his statements granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.