(August 24, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON M. DURRIN, Appellant. [820 NYS2d 363]—

Kane, J. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered September 15, 2000, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts) and endangering the welfare of a child.

In connection with allegations that defendant compelled a seven-year-old female relative to engage in sexual intercourse on three occasions between September 1999 and November 1999, defendant was indicted on three counts of rape in the first degree and one count of endangering the welfare of a child. After a *Huntley* hearing, County Court determined that defendant's first oral statement to police outside his home was admissible as a spontaneous statement, his oral statements at the police station were inadmissible because they were elicited in violation of defendant's *Miranda* rights, and his written admission and written apology to the victim and her family were admissible. The jury acquitted defendant of one count of rape and convicted him of the remaining counts. Defendant appeals.

Because defendant was prejudiced by the improper admission of his written statements, we must reverse. The People preliminarily contend that defendant did not preserve the suppression issue by raising a specific ground for suppression before County Court. Defendant's suppression motion did not specify any particular grounds, nor did counsel raise the particular ground raised on appeal at the hearing. Because he did not argue to the suppression court that all of his statements should be suppressed as part of a continuous chain of questioning, he did not preserve that argument for appellate review (*see People v Caballero*, 23 AD3d 1031, 1032 [2005], *lv denied* 6 NY3d 846 [2006]; *People v Brown*, 195 AD2d 1055, 1055-1056 [1993], *lv denied* 82 NY2d 848 [1993]; *see also People v Tutt*, 38 NY2d 1011, 1012-1013 [1976]).

Having determined that this issue was not properly preserved, we must consider whether any error in County Court's suppression ruling deprived defendant of a fair trial, so as to trigger our review of the issue as a matter of discretion (*see* CPL 470.15 [6] [a]). When determining whether to exercise this discretion, we consider the strength of the evidence and the extent of harm to defendant's case attributable to the error, including the effect of the error on the verdict (*see People v Washington*, 68 AD2d 90, 100 [1979], *affd* 51 NY2d 214 [1980]; *People v Musolino*, 54 AD2d 22, 26 [1976], *lv denied* 40 NY2d 872 [1976], *cert denied* 430 US 935 [1977]).

While the evidence was legally sufficient and the weight of the evidence supported the verdict, the only proof that defendant was the perpetrator came from the testimony of the young victim. Notably, defendant was charged with three separate acts of rape. The first two counts were alleged to have occurred between September and November 1999, while the third was alleged to have occurred on or about November 22 to 25, 1999. The victim testified to three acts of sexual intercourse by defendant, yet the jury convicted defendant of only the second and third counts. The victim's testimony as to the third count was corroborated by medical evidence that approximated the time of occurrence. Although the victim testified that this act occurred at a time when defendant did not have access to her, there was also testimony that defendant was in proximity to the victim during the time specified in that count. A second act of rape was corroborated by defendant's improperly admitted statements acknowledging sexual misconduct with the victim. A third act was not corroborated and defendant was acquitted. While corroboration was not necessary because the victim was administered an oath (*see* CPL 60.20 [2], [3]), the pattern of the verdict suggests that defendant was convicted of one count of rape based upon the victim's testimony corroborated by defendant's statements.

Where the case rests almost entirely on the victim's credibility, and the statements being challenged partially support the victim's allegations of sexual contact during the relevant time period, the evidence without the suppressible statements is not overwhelming and induces us to exercise our interest of justice jurisdiction (*see People v Seaman*, 239 AD2d 681, 683 [1997], *appeal dismissed* 91 NY2d 954 [1998]). Defendant's admission and apology, although not confessing to penetration, acknowledged his access to and sexual contact with the victim during the pertinent time frame. Admission of these statements into evidence, in violation of defendant's constitutional rights, prejudiced defendant's case and most likely had a substantial effect on the jury's verdict, supporting our exercise of discretion to review the suppression issue (*see* CPL 470.15 [6] [a]; *People v Feuer*, 11 AD3d 633, 634-635 [2004]; *People v Greenwaldt*, 72 AD2d 836, 837-838 [1979]; *People v Campbell*, 59 AD2d 912, 912 [1977]).

Turning to the merits of that argument, County Court should have suppressed defendant's written admission and apology. "[W]here an improper, unwarned statement gives rise to a subsequent *Mirandized* statement as part of a 'single continuous chain of events,' there is inadequate assurance that the *Mi-*

*randa* warnings were effective in protecting a defendant's rights, and the warned statement must also be suppressed" (*People v Paulman*, 5 NY3d 122, 130 [2005]; *see People v Sturdivant*, 21 AD3d 581, 582 [2005]). The later statement is only admissible if there is a definite, pronounced break in questioning so as to provide the defendant with sufficient time to reflect upon the situation and return him or her "to the status of one who is not under the influence of questioning" (*People v Chapple*, 38 NY2d 112, 115 [1975]; *see People v Sturdivant*, *supra* at 582).

Considering the factors detailed by the Court of Appeals (*see People v Paulman, supra* at 130-131), defendant's written statements were produced as part of a single continuous chain of events. Although defendant indicated a willingness to speak to police, pre-*Miranda* questioning proceeded for 20 to 25 minutes before defendant made his first inculpatory oral statement. Within five minutes of that statement, which County Court suppressed, *Miranda* warnings were given for the first time. The detective then immediately began compiling the written statement, which was completed 25 minutes after the detective began administering the *Miranda* warnings. The apology was written almost directly thereafter. Defendant was interviewed by one detective, remained in the same interview room at the police station and no breaks were taken during the interview process (*compare People v Hicks*, 226 AD2d 938, 939-940 [1996], *lv denied* 88 NY2d 937 [1996]). As defendant was subjected to a continuous custodial interrogation without any break in questioning, the written statements were tainted by the prior improper questioning and should have been suppressed (*see People v Sturdivant, supra* at 582-583). Because the admission of these written statements had a substantial effect on the jury's verdict, depriving defendant of a fair trial, and such admission cannot be considered harmless, we must reverse (*see* CPL 470.15 [6] [a]; *People v Greenwaldt, supra* at 837-838; *compare People v Rifkin*, 289 AD2d 262, 263 [2001], *lv denied* 97 NY2d 759 [2002] [affirmance despite improper admission of statements taken in violation of *Miranda*, based on otherwise overwhelming evidence]).

Defendant's remaining contentions need not be addressed in light of our reversal.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Fulton County for a new trial.