■ The People of the State of New York, Respondent, v Lee Hall, Appellant. [837 NYS2d 759]—

---

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 5, 2006 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree and attempted burglary in the second degree.

Late in the evening of April 20, 2005, an elderly resident at 67 Cohoes Road in the Town of Colonie, Albany County, reported to police that she had observed a person wearing a light-colored hooded sweatshirt and dark pants ostensibly attempting to break into her cellar. At the scene, police observed glass had been cut or broken from the cellar door. Shortly thereafter, officers were notified that a security alarm for a home at 104 Cohoes Road had been activated and an investigation later revealed a break-in had occurred. A neighborhood resident told police who were investigating on Cohoes Road that he had observed a person walking a bicycle through a neighbor's backyard at about the time the apparent criminal activity was ongoing. Police started tracking with a dog and then observed an individual with a light-colored hooded sweatshirt and dark pants running from the side of a home on Cohoes Road toward the back of the house. They pursued the person and ordered him to stop as he attempted to get on a bicycle. The person, later identified as defendant, became aggressive and belligerent with the police. After subduing him and while patting for weapons, police found a piece of glass in his sweatshirt. He was taken to the station for questioning, where he eventually signed a written statement. Defendant was indicted for attempted burglary in the second degree for the incident at 67 Cohoes Road and burglary in the second degree based upon purported conduct at 104 Cohoes Road.

Defendant's pretrial suppression motion was granted, in part, when County Court (Herrick, J.) suppressed the written statement signed by defendant upon finding that it was given in response to police questioning while in custody and prior to *Miranda* warnings being administered. The court, however, found that a subsequent comment by defendant was spontaneous and admissible. The court also denied the aspect of defendant's motion alleging that the police lacked probable cause to arrest him.

A jury trial ensued and defendant was found guilty of both counts. He was sentenced as a second felony offender to concurrent prison terms of 14 years for the burglary conviction and seven years for the attempted burglary conviction, along with five years of postrelease supervision. Defendant appeals.

Defendant initially argues that the police did not have probable cause to arrest him and, accordingly, certain evidence seized from him and his statement should have been suppressed. We cannot agree. The four-level test set forth in *People v De Bour* (40 NY2d 210 [1976]) governs street encounters by police with suspects (*see People v Moore*, 6 NY3d 496, 498-499 [2006]). Here, there was evidence that defendant's clothing type and color matched the description given by the victim, and he was running into a yard near the crime scene on a road with very little pedestrian traffic. This justified the second-tier common-law right of inquiry based on a founded suspicion that criminal activity was afoot. As police attempted to approach him, defendant fled, he started to mount a bicycle (which police were aware the suspect might have), and he became belligerent upon being confronted. The combination of such factors was sufficient to justify the police detention of defendant (*see People v McNair*, 36 AD3d 1073, 1074-1075 [2007]). And, the discovery of a piece of glass on defendant, together with the officers' knowledge that the victim's glass window had been sliced or broken, provided probable cause for an arrest (*see People v Turner*, 37 AD3d 874, 876 [2007]; *People v McNair, supra* at 1075).

We find merit, however, in defendant's argument that County Court erred in not suppressing his oral statement. That statement was given shortly after the signed statement which was suppressed because it was taken before defendant had received *Miranda* warnings. *Miranda* warnings must precede questioning in order to be effective and, thus, "where an improper, unwarned statement gives rise to a subsequent Mirandized statement as part of a 'single continuous chain of events,' there is inadequate assurance that the *Miranda* warnings were effective in protecting a defendant's rights, and the warned statement must also be suppressed" (*People v Paulman*, 5 NY3d 122, 130 [2005]; *see People v Bethea*, 67 NY2d 364, 367 [1986]; *People v Chapple*, 38 NY2d 112, 114 [1975]; *People v Durrin*, 32 AD3d 665, 667-668 [2006]). "The later statement is only admissible if there is a definite, pronounced break in questioning so as to provide the defendant with sufficient time to reflect upon the situation and return him or her 'to the status of one who is not under the influence of questioning' " (*People v Durrin, supra* at 668, quoting *People v Chapple, supra* at 115; *see People v Paul-*

*man, supra* at 131; *People v Sturdivant*, 21 AD3d 581, 582 [2005]; *People v Strawbridge*, 299 AD2d 584, 589 [2002], *lv denied* 99 NY2d 632 [2003]; *People v Hicks*, 226 AD2d 938, 939-940 [1996], *lv denied* 88 NY2d 937 [1996]). Factors considered in determining whether there has been such a break include "the time differential between the *Miranda* violation and the subsequent admission; whether the same police personnel were present and involved in eliciting each statement; whether there was a change in the location or nature of the interrogation; the circumstances surrounding the *Miranda* violation, such as the extent of the improper questioning; and whether, prior to the *Miranda* violation, defendant had indicated a willingness to speak to police" (*People v Paulman, supra* at 130-131).

Here, defendant was detained at the scene, placed in handcuffs and transported to the police station for questioning, where, starting at about 11:30 P.M. on April 20, 2005, he was kept continuously in an interview room (with one cigarette break) for about five hours. During this time Officer Joseph Brunetto interrogated defendant and Officer Henry Rosenzweig was in and out of the room. After defendant signed a statement at about 4:30 A.M. on April 21, 2005, he was informed that he was under arrest and, at that time, Rosenzweig read defendant his *Miranda* rights for the first time. Rosenzweig immediately began the booking process in the same room where the interrogation had occurred and Brunetto remained in the room during part of this process. According to Rosenzweig, defendant asked, "So, which one am I being charged with?" He responded, "The one with the basement window." Defendant then replied, "Oh yeah, some old lady was knocking on the window and shewed [*sic*] me away." This exchange occurred within minutes of defendant signing the statement that had been obtained in violation of *Miranda*.

Throughout the five hours of interrogation and the brief booking period, defendant was in the same room. The same two officers were involved with defendant. Although Rosenzweig stated that the nature of the questioning changed from interrogation to routine booking, he acknowledged that defendant had not yet been informed of the charges against him when he made his oral statement. The oral statement was close in time and essentially flowed from the un-Mirandized written statement. There was not a sufficient break to ensure that the *Miranda* warnings protected defendant's rights and, under these circumstances, the spontaneous statement exception cannot save the oral statement from being suppressed. On this record, the admission of this evidence was not harmless thereby requiring reversal (*see People v Durrin, supra* at 668).

We have considered and found unpersuasive defendant's contention that the evidence before the jury at trial was legally insufficient. The remaining issues are academic.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.