■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY CHATMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered October 30, 1981, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict,

and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to the police.

Judgment affirmed.

On July 5, 1980, Police Officer George Dandy received a call of a shooting at a private residence in Queens. Upon his arrival there, he was met by a hysterical woman who screamed that the defendant had shot her husband. The officer turned to the defendant and asked him if that was true and he responded "I did shoot him". The officer then asked "Where's the gun?" and the defendant pointed to a window ledge, from which the officer retrieved the weapon.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the statement made without *Miranda* warnings. In *Miranda v Arizona* (384 US 436) the United States Supreme Court held that four appropriate warnings must be given whenever a defendant is a subject of custodial interrogation. Here, the defendant was not in custody nor was he "deprived of his freedom of action in any significant way" *(Miranda v Arizona, supra,* p 444); therefore, *Miranda* warnings were not required. Moreover, the officer's initial question was asked to clarify a volatile situation rather than to elicit evidence of a crime *(see, People v Johnson,* 59 NY2d 1014; *People v Huffman,* 41 NY2d 29). We also note that even were the defendant in custody after admitting to the shooting, the officer's further inquiry as to the location of the gun would have been admissible under the public safety exception to the *Miranda* rule recognized by the Supreme Court in *New York v Quarles* (467 US 649).

The court properly charged criminal possession of a weapon in the fourth degree as a lesser included offense of criminal possession of a weapon in the second degree. Firstly, it is theoretically impossible to commit the crime of criminal possession of a weapon in the second degree, i.e., *possession* of a weapon with the intent to use it unlawfully, without concomitantly committing the crime of criminal possession in the fourth degree, *i.e., possession* of the weapon. Secondly, here there was a reasonable view of the evidence to support the jury's finding that the defendant committed the lesser offense but not the greater, in that he had not intended to use the gun *unlawfully* but had possessed it for self-defense. Accordingly, the two-prong test set out in *People v Glover* (57 NY2d 61) was satisfied and the court properly submitted the lesser included offense to the jury.

The court properly refused the defendant's request to charge the defense of justification as to criminal possession of a weapon in the fourth degree as no such defense is available to that crime; the crime is complete upon possession (see, *People v Almodovar*, 62 NY2d 126).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.