■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FLANNERY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered November 7, 1985, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Balbach, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the statements made by him to the police prior to the reading of the *Miranda* warnings should have been suppressed. The minutes of the pretrial hearing reveal that the initial question of the officer who first arrived upon the scene constituted an attempt to clarify a volatile situation rather than an attempt to elicit evidence of a crime *(see, People v Johnson,* 59 NY2d 1014, 1016; *People v Chatman,* 122 AD2d 148, 149). In the course of responding to a radio communication regarding a report of

gunshots, Sergeant Sobocienski heard what appeared to be a gunshot coming from inside the designated apartment. Upon knocking on the door, which was slightly ajar, and identifying himself as a police officer, Sobocienski was directed by a male voice to go away since "the police don't care what's going on anyway". In response to Sobocienski's queries, the male, who identified himself as the defendant, revealed that there were no injured children inside the apartment and that he had had a problem with his wife, which was no longer a problem inasmuch as he had shot her and she was dead. The police refused the defendant's request to enter his apartment, and asked the defendant to come out, but he refused. At one point, the defendant gave Sobocienski his telephone number and the two engaged in a telephone conversation for some 2 to 2½ hours in duration in the course of which the defendant revealed that he had shot his wife four times. This information was not in response to any question which the police had asked. The defendant agreed to surrender to the police whereupon he was placed in handcuffs.

On these facts, we conclude that the initial questioning of the defendant by Sergeant Sobocienski was conducted in a noncustodial ambiance. At the time of the encounter, the defendant was not in custody nor was he "deprived of his freedom of action in any significant way" (Miranda v Arizona, 384 US 436, 444; see also, People v Chatman, supra, at 149). The evidence rationally points to the conclusion that Sergeant Sobocienski was engaged in the primary role of the police to prevent crime and to provide emergency assistance to those whose lives may be in danger (see, People v Krom, 61 NY2d 187, 198). Nor does the fact that the defendant's revelations went far beyond the scope of the initial inquiry cast the shadow of interrogation upon the inquirer. Clearly, "[t]he police are not obligated to silence a talkative defendant" (People v Krom, supra, at 199). Under the circumstances, the hearing court's determination that the defendant was not in custody at the time he made the subject inculpatory statements is supported by the evidence and should not be disturbed (see, People v Busuttil, 115 AD2d 655, 656).

Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient. Testimony to the effect that the defendant appeared to have been drinking at the time of the killing does not warrant a contrary result. "Even an intoxicated person may be capable of forming the intent" (People v Bell, 111 AD2d 926, 927, lv denied 66 NY2d 917). Moreover, upon

the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, we find that the sentence imposed was not unduly harsh or excessive under the circumstances of this case. Therefore, we decline to disturb the sentencing court's sound exercise of its discretion in this regard *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.