■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MEJIA, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Lakritz, J.), rendered July 15, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant shot and killed a co-worker who allegedly had threatened to stab him. By the defendant's own account, he proceeded to the victim's work-station with his gun after the victim had menaced him from afar with a screwdriver. The defendant pulled out his gun and shot the victim four times at close range without affording the victim an opportunity to retreat.

On appeal, the defendant maintains that the trial court erred in refusing to charge the jury on the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]). We disagree. Although there may have been sufficient credible evidence to create a question for the jury as to whether the defendant did in fact suffer loss of self-control associated with the defense, there was insufficient evidence to support a finding that his emotional state had a reasonable explanation or excuse (see, People v Moye, 66 NY2d 887, 890). Since defendant's reaction to what he perceived to be a threat was not "an understandable human response deserving of mercy" (People v Casassa, 49 NY2d 668, 680-681, cert denied 449 US 842), the trial court properly rejected the requested charge.

We further reject the defendant's contention that the sentence was unduly harsh and excessive. The trial court properly exercised its discretion in light of the brutal and deliberate nature of the crime (People v Suitte, 90 AD2d 80). Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.