■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN PATE, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Lange, J.), entered September 12, 1986, convicting him of murder in the second degree (three counts), robbery in the first degree (two counts), burglary in the first degree (two counts), grand larceny in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the statements made by him to the police were properly ruled admissible since there was no illegality in the procedures employed in effectuating his arrest for the brutal stabbing of a disabled man in the Yonkers Motor Inn during the early morning hours of October 17, 1985. The police clearly had probable cause to arrest the defendant based upon information provided by a local cab driver, who implicated the defendant in the murder. It is well settled that information provided by an identified citizen accusing another identified individual of committing a specified crime provides the police with probable cause to arrest (see, People v Lewis, 172 AD2d 775). Moreover,

prior to the defendant's arrest, the police verified this information through an independent investigation which revealed the existence of the defendant's bloodied fingerprint inside the hotel room (see, *People v Johnson,* 66 NY2d 398). Additionally, we find without merit the defendant's contention that these statements should have been suppressed because the police identified him through the use of fingerprints that should have been sealed pursuant to CPL 160.50 because that provision was not designed to immunize a defendant from the operations of law enforcement official's investigatory use of fingerprints (see, *People v Patterson,* 78 NY2d 711; *People v Gilbert,* 136 AD2d 562).

Viewing the circumstantial evidence in a light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The facts from which the inference of guilt is drawn, when perceived as a whole, are inconsistent with the defendant's innocence and exclude to a moral certainty every other reasonable hypothesis (see, *People v Lewis,* 64 NY2d 1111; *People v Benzinger,* 36 NY2d 29). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court adequately informed the jury of its responsibility in a case based wholly on circumstantial evidence. The use of the words "moral certainty" is not required, so long as the jury is instructed in substance that "the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" (*People v Sanchez,* 61 NY2d 1022, 1024; *People v Harden,* 174 AD2d 691). In this case, the court's charge was sufficient in this regard.

We further reject the defendant's contention that the sentence was unduly harsh and excessive. The trial court properly exercised its discretion in light of the brutal and deliberate nature of the crime (*People v Suitte,* 90 AD2d 80; *People v Mejia,* 166 AD2d 675).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Eiber and O'Brien, JJ., concur.