■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH MANZELLA, JR., Appellant. [606 NYS2d 471] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: The verdict is not against the weight of the evidence. Defendant failed to sustain his burden of proof on the affirmative defense of extreme emotional disturbance. "The defense requires proof of both a subjective element (that defendant did in fact act under the influence of extreme emotional disturbance) and an objective element (that there was a reasonable explanation or excuse for the emotional disturbance)" *(People v Moye,* 66 NY2d 887, 890). The proof was overwhelming that defendant, when he shot the two Deputy Sheriffs, acted calmly and deliberately and that he was motivated by his long-standing hatred of police. Most important, defendant failed to show that there was a reasonable explanation for the emotional disturbance. He contended at trial that his emotional disturbance was caused by the actions of a police officer who he alleged had abused and threatened him during an interrogation more than four months before the shootings. No competent evidence was received concerning the actions of the police officer. Neither defendant nor anyone present at the police interrogation testified to what had occurred during the interrogation. The only testimony concerning that event was given by defendant's expert witness, a psychologist, who recited what defendant had told him. That hearsay evidence, while admissible to prove defendant's state of mind, was not admissible to prove the truth of the facts related by defendant to the psychologist *(see, People v Campbell,* 197 AD2d 931).

Contrary to defendant's contention, the record failed to show that there was any violation of CPL 270.30, which requires that the alternate jurors be kept separate and apart from the regular jurors after the jury retires to deliberate.

The court properly admitted evidence of defendant's prior arrests and confrontations with the police as bearing on

defendant's state of mind, namely, his hostility toward police, which preceded his alleged abuse by the police officer at the time of his interrogation. That evidence was of more than slight value *(see, People v Santarelli,* 49 NY2d 241, 247-248, 250, *rearg denied* 49 NY2d 918). It provided substantial proof of defendant's hatred toward police, and it was highly probative to rebut the defense of extreme emotional disturbance.

The court's supplemental charge on extreme emotional disturbance was not error inasmuch as a person cannot act with extreme emotional disturbance unless he is overwhelmed with emotional disturbance that influences his actions. Thus, the error, if any, was harmless because defendant failed to present sufficient proof to show that there was a reasonable explanation or excuse for his extreme emotional disturbance *(see, People v Mejia,* 166 AD2d 675, 676, *lv denied* 77 NY2d 841).

The court did not err in excluding the evidence proffered by defendant concerning the propensities of the police officer who allegedly abused him. The proffered evidence was not admissible as evidence of habit. "On no view, under traditional analysis, can conduct involving not only oneself but particularly other persons or independently controlled instrumentalities produce a regular usage because of the likely variation of the circumstances in which such conduct will be indulged" *(Halloran v Virginia Chems.,* 41 NY2d 386, 392). Evidence of prior assaults or abuse is not evidence of habit because of the varying circumstances under which those actions are committed. Such evidence is introduced to show a propensity to be assaultive or abusive and is not admissible. We must distinguish between habit and character *(see,* 1 McCormick, Evidence § 195 [4th ed]).

We reject the contention that defendant was in custody when he was barricaded in his house *(see, People v Flannery,* 137 AD2d 615, 616, *lv denied* 71 NY2d 895).

We need not vacate the conviction for murder in the second degree and attempted murder in the second degree because of the trial court's failure to charge those lesser included offenses in the alternative. Defendant failed to preserve that issue for review.

As the prosecutor concedes, we must modify the sentences to provide that the sentence for the conviction for obstructing governmental administration run concurrently with the other sentences.

In view of the heinous nature of the crimes, defendant's

sentence is not harsh or excessive. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Murder, 1st Degree.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.