■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BERK, Appellant. [629 NYS2d 588] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree and manslaughter in the first degree. On October 24, 1992, defendant entered the bedroom of his estranged wife, Virginia, while she was engaged in sexual activity with Joseph Valvo, with whom she had recently begun an affair. Defendant fatally shot Valvo. After Valvo was shot, Virginia fled to the kitchen, where she telephoned the police and pleaded frantically for them to come and for an ambulance for Valvo. A tape of that telephone call, in evidence at trial, confirms that defendant entered the kitchen while Virginia was on the phone, and that, as Virginia pleaded for her life, defendant fired two shots at her as he called her a "son of a bitch". Defendant then drove to the Amherst Police Station, handed over his gun and turned himself in.

Defendant was charged with two counts of murder in the second degree. In defense of the charge that he intentionally killed Valvo, defendant argued at trial that the shooting was justified because, when defendant entered his wife's bedroom and confronted his wife and Valvo with a gun, Valvo, a 185-pound weight-lifter, lunged at him, causing defendant to fear for his life. He also argued that the shooting of Valvo was accidental because the gun went off as he and Valvo struggled over it. The jury acquitted defendant of the intentional murder of Valvo but convicted him of manslaughter in the first degree, finding that defendant, intending to inflict serious physical injury upon Valvo, killed Valvo (see, Penal Law § 125.20 [1]). The jury rejected defendant's claims of accident and justification.

On appeal, defendant argues that County Court erred in its charge on justification by charging the duty to retreat. Defendant argues that, because he was in his own dwelling and was not the initial aggressor, he was under no duty to retreat. The People argue that defendant was not entitled to a charge on justification and that, in any event, the court's charge was proper. Assuming, arguendo, that there was a reasonable view of the evidence to support a justification charge, we conclude that the charge as given was proper. When confronted with deadly physical force, one is under a duty to retreat unless one is in his or her own dwelling and was not the initial aggressor (Penal Law § 35.15 [2] [a] [i]; People v Watts, 57 NY2d 299, 301). Where there is a question of fact whether defendant was in his own dwelling, that issue should be resolved by the jury (see, People v Emmick, 136 AD2d 892, 894; People v Doctor, 98 AD2d 780, 781). Although defendant and Virginia were still married and there was evidence that defendant had access to the marital residence, there was also evidence that Virginia had commenced an action for divorce and that defendant had moved from the residence approximately two weeks before the killing and was staying with his mother. Moreover, assuming, arguendo, that defendant was in his residence, there was, at the very least, a question of fact whether defendant was the initial aggressor and defense counsel so admitted at trial.

The evidence is sufficient to support the conviction of manslaughter in the first degree. The evidence of blood on the back of defendant's jacket, as well as other physical evidence, provided a sufficient basis for the jury to conclude that Valvo was shot before any struggle ensued and to reject defendant's claim of accident (see, People v Bleakley, 69 NY2d 490, 495). Moreover, the testimony of defendant that he entered the room

armed with a loaded gun in plain view provided a sufficient basis for the jury to conclude that defendant was the initial aggressor *(see, People v Magliato,* 68 NY2d 24, 28-29).

In defense of the charge that he intentionally killed Virginia, defendant argued that he acted under the influence of extreme emotional disturbance produced by his recently-acquired knowledge of his wife's affair and his viewing of his wife and Valvo engaged in sexual activity. The jury rejected that defense and convicted defendant of murder in the second degree.

The court did not err in precluding defendant from presenting the testimony of a forensic psychologist concerning the "fight or flight" syndrome and the potential effects of a stressful occurrence on a person's memory. Defendant failed to file a notice pursuant to CPL 250.10 and did not give a reasonable excuse for that failure, and granting his request, which was made on the last day of testimony, would have caused substantial prejudice to the People *(see, People v Sian Mai,* 175 AD2d 692, *lv denied* 78 NY2d 1081; *People v Tumerman,* 133 AD2d 714, 715, *lv denied* 70 NY2d 938, *cert denied* 485 US 969; *cf., People v Oakes,* 168 AD2d 893, *lv denied* 78 NY2d 957).

Defendant also argues that the conviction of murder in the second degree is against the weight of the evidence because he proved by a preponderance of the evidence that he was acting under the influence of extreme emotional disturbance. Upon our review of the record, we cannot conclude that the jury "has failed to give the evidence the weight it should be accorded" *(People v Bleakley, supra,* at 495; *cf., People v Owens,* 203 AD2d 916, 917). The evidence adduced at trial supports the jury's finding that the actions of defendant were deliberate, rational, "and the result of his malevolence" rather than an uncontrolled response to his wife's unfaithfulness *(People v David,* 143 AD2d 1031, 1032, *lv denied* 73 NY2d 920; *see also, People v Manzella,* 199 AD2d 964, *lv denied* 83 NY2d 807).

We decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). We have examined the issues raised in defendant's *pro se* supplemental brief and conclude that they are unpreserved *(see,* CPL 470.05 [2]). We decline to exercise our power to review those issues as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.