■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC HOLMES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was sought by the police in connection with the stabbing death of his stepfather. He was found at a friend's home where the police handcuffed him and took him into custody. Before advising defendant of his rights under *Miranda v Arizona* (384 US 436), one officer asked, "Where are your clothes that you had on last night?" Defendant answered that they were in the attic. With permission of the resident of the house, the police took defendant into the attic. They found no clothing, but did find a knife sheath which appeared to have blood on it. They returned to the patrol car where they advised defendant of his *Miranda* rights. Defendant stated that he understood his rights and wished to waive them. En route to the Public Safety Building, one of the officers asked defendant why he stabbed his father and defendant replied that he did not. The officer showed defendant the knife sheath and asked him if it was his. Defendant admitted that it was. The officer then asked, "What did you do with the knife that you used to stab your stepfather?" Defendant answered, "I threw it in the water and you won't find it." When questioned at the Public Safety Building, defendant initially denied his involvement in the stabbing, but then made a full confession. After a *Huntley* hearing, the court suppressed the unwarned statement regarding the clothing. Citing *Oregon v Elstad* (470 US 298), the court rejected defendant's argument that the knife sheath and his other oral and written statements should be suppressed. On appeal,

defendant argues that the knife sheath and all other statements should have been suppressed as the fruits of a custodial interrogation conducted without the benefit of *Miranda* warnings. We disagree.

There can be no dispute that defendant was in custody when he was asked the whereabouts of his clothing. Since defendant had not then been advised of his *Miranda* rights, the response to the question was properly suppressed *(Oregon v Elstad, supra; Miranda v Arizona,* 384 US 436, *supra).* It does not automatically follow, however, that defendant's subsequent statements, made after proper administration of *Miranda* warnings, are irreparably tainted. Although *Miranda* requires that unwarned admissions be suppressed, the admissibility of a statement made after proper warnings are given turns on whether the statement was knowingly and voluntarily made *(Oregon v Elstad, supra,* at 309).

Here, defendant's unwarned statement cannot be said to have committed him to later confessing to the crime *(see, People v Tanner,* 30 NY2d 102). Indeed, the statement was neither an admission of guilt nor a confession. Nor can it be said that suppression was required under the "continuous chain of events" theory enunciated in *People v Chapple* (38 NY2d 112) and *People v Bethea* (67 NY2d 364). Defendant was not subjected to relentless custodial interrogation without the benefit of *Miranda* warnings, as contemplated by those cases. The single unwarned statement about the location of defendant's clothing did not rise to the level of a Fifth Amendment violation and did not constitute the first in a "continuous chain of events". The evidence at the suppression hearing demonstrates that defendant knowingly and voluntarily waived his right to remain silent and his confession was properly admitted.

We also find that the knife sheath was properly received in evidence. While defendant's right to *Miranda* warnings had been violated before the sheath was discovered by the police, his privilege against self-incrimination had not been violated. The "fruit of the poisonous tree" doctrine assumes the existence of a constitutional violation not to be found here *(see, Oregon v Elstad,* 470 US 298, *supra; Wong Sun v United States,* 371 US 471). Thus, the court did not err in denying suppression of the sheath. In any event, even if the sheath and questions regarding it were improperly received, their admission is harmless. There was overwhelming evidence of defendant's guilt and there is no reasonable possibility that

their admission could have contributed to defendant's conviction *(see, People v Crimmins,* 36 NY2d 230).

We have reviewed the other issues raised by defendant and we find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—manslaughter, first degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.