■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY C. MCGRIFF, Appellant.—Judgment unanimously affirmed. Memorandum: An investigating officer testified during direct examination that, prior to any Miranda warnings, when defendant was asked if he knew why he was in custody, defendant stated that it was "about Missy", the victim. Defense counsel moved for a mistrial, claiming that he had not been provided with notice of that statement (see, CPL 710.30). The court refused to grant a mistrial and instead, granted an

alternative request to strike the testimony. The court also promptly issued an effective curative instruction. On appeal, defendant contends that the court's refusal to grant the mistrial constituted an abuse of discretion, and that subsequent oral and written confessions should have been suppressed because they were tainted by the prior unwarned statement.

The initial oral statement was of minor importance when compared with the subsequent detailed confessions that were admitted into evidence, and we conclude that the court's prompt and strong curative instruction was adequate to alleviate any prejudice caused by the officer's testimony *(see, People v Watson,* 121 AD2d 487, 488, *lv denied* 68 NY2d 818; *People v Celeste,* 95 AD2d 961). There is no proof that defendant's state of mind was such that his single unwarned statement committed him to the subsequent confession *(see, People v Tanner,* 30 NY2d 102; *People v Holmes,* 145 AD2d 908). From our review of the evidence presented at the *Huntley* hearing and at trial, we perceive no reason to disturb the fact finder's determinations that the oral and written confessions were given voluntarily.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Oneida County Court, McLaughlin, J.—rape, first degree; burglary, second degree.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.