■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL SCALAFANI, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Posner, J.), dated January 6, 1988, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authori-

ties is denied, and the matter is remitted to Supreme Court, Queens County, for further proceedings consistent herewith.

The hearing court determined that the defendant's statements following his arrest on charges of having escaped from a Department of Correction van traveling between a Brooklyn courthouse and Rikers Island were voluntarily made and were not the product of custodial interrogation. Nevertheless it suppressed the defendant's statements on the ground that they were the product of an impermissible attempt to obtain a waiver of his right to the assistance of counsel in the absence of his attorney on pending unrelated cases *(see, People v Rosa,* 65 NY2d 380; *People v Bartolomeo,* 53 NY2d 225). We find that the evidence established that the defendant's statements were spontaneous and therefore admissible *(see, People v Sobolof,* 109 AD2d 903; *cf., People v Rogers,* 48 NY2d 167).

The officer who testified as to the defendant's statements said that he gave the defendant the *Miranda* warnings at the police station about an hour after his arrest. The defendant did not respond, and the officer did not question him further. About 10 minutes later, while the officer was seated at a desk preparing a report, the defendant described his escape from custody and, according to the officer, was "more concerned about whether he was famous for escaping". "Volunteered statements are admissible provided the defendant speaks with genuine spontaneity and not as a result of 'inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " *(People v Sobolof, supra,* at 904-905, quoting *People v Maerling,* 46 NY2d 289, 302-303). The evidence before the hearing court does not support the defendant's contention that he was subjected to a coercive environment. Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.