■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered December 5, 1983, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's motion which was to suppress the statements made by him to the police.

The defendant gave his first statement to the police when several officers, during the course of an investigatory noncus-

todial inquiry, asked him as he stood on a Brooklyn street adjacent to his car whether he knew that the car had been involved in a robbery. At no time during the contact did the police use or threaten the use of force. In view of the foregoing facts, we conclude that a reasonable man, innocent of any crime, who found himself in the above circumstances would not have considered himself to be in custody *(see, People v Yukl,* 25 NY2d 585). Because the questioning that occurred at that time was not custodial in nature, there was no requirement that the defendant had to be advised of his *Miranda* rights.

Furthermore, there is no basis for disturbing the hearing court's finding that the defendant was administered his *Miranda* warnings prior to making his inculpatory statement while in custody. Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous *(see, People v Armstead,* 98 AD2d 726). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.