■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK DANIEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered April 23, 1986, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we conclude that his motion to dismiss the indictment on speedy trial grounds *(see,* CPL 30.30) was properly denied. After subtracting a reasonable time for the People to arrange for the defendant's arraignment *(see, People v Lopez,* 149 AD2d 735) and deducting delays resulting from adjournments consented to, or requested by, the defendant, the total time chargeable to the People is within the permitted six-calendar-month time limit *(see, People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529).

Moreover, the hearing court properly determined that the defendant lacked standing to contest the propriety of the search *(see, People v Wesley,* 73 NY2d 351; *People v Ponder,* 54 NY2d 160). At bar, the defendant informed the police that he did not reside in the apartment in which the drugs were found, that he did not possess a key to the apartment, and that he kept no property therein. Since, by virtue of the foregoing, the defendant failed to establish a reasonable expectation of privacy in the premises, he was without standing to contest the validity of the search *(see, People v Wesley, supra; People v Ponder, supra; People v Prochilo,* 41 NY2d 759; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Torres,* 97 AD2d 802).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.