■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIBERTO CAPELLAN, Appellant.—Judgment of the Supreme Court, New York County (Budd Goodman, J., on suppression motion; Harold J. Rothwax, J., at plea and sentence), rendered January 7, 1987, convicting defendant of criminal possession of a controlled substance in the second degree and sentencing defendant to an indeterminate term of from six years to life imprisonment, unanimously affirmed.

Defendant's unelaborated statement that he temporarily "moved into" the apartment where the search warrant was executed was insufficient to entitle defendant to a hearing on his motion to suppress the physical evidence, which included over six pounds of cocaine and drug paraphernalia stored in the refrigerator and closets (CPL 710.60). Defendant failed to establish a legitimate expectation of privacy in the areas searched, and thus lacked standing to challenge the execution of the warrant (People v Wesley, 73 NY2d 351; People v Rodriguez, 69 NY2d 159; People v Daniel, 152 AD2d 742). Entirely absent from defendant's statements in support of the motion to suppress were allegations of fact indicating the length and nature of defendant's temporary occupancy, the circumstances of the living arrangement, or any other indicia of an expectation of privacy in the areas searched.

Defendant was sentenced in accordance with his plea bargain and within statutory guidelines. Under these circum-

stances, we find no abuse of discretion by the sentencing court. Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.