■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND P. ACKERMAN, Also Known as RAYMOND F. WRIGHT, Respondent.—Weiss, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), entered March 31, 1989, as amended by order entered April 5, 1989, which granted defendant's motion to suppress evidence.

On July 28, 1988, Greenport Town Police Officer Kevin Marchetto, responding to a report, came upon a rental truck driven by defendant stuck on a railroad embankment. Defendant had been unable to dislodge the truck using a floor jack. A towing service was called and when defendant could not pay the bill, he accompanied Marchetto to the police station to use a phone. At the station, defendant was unable to produce registration or rental papers for the truck. A computer check indicated that no driver's license had been issued to defendant and a telephone inquiry was made to the truck rental company. Marchetto then drove defendant to retrieve his license and rental documents from his girlfriend's house. Upon arrival at the address, defendant admitted that it wasn't his girlfriend's residence and he was returned to the police station to await a response from the truck rental company. While at the station with Marchetto and without being advised of his rights, defendant volunteered that he had taken the truck. When Marchetto inquired, "What happened?", defendant admitted that he had stolen the truck. *Miranda* warnings were then read to him and he was placed under arrest. Defendant was later arraigned in Greenport Town Court where, in the

presence of Marchetto, he requested assigned counsel and was given an application form by the Town Justice for representation by the Public Defender.

After reading a newspaper account of the incident containing reference to a floor jack, James McKay, who previously reported the theft of his floor jack, contacted the police. As a result, on Sunday, July 30, 1988 State Police Investigator John Holt and Marchetto went to the jail to question defendant. Holt later testified that defendant stated he was not represented by counsel and was again given *Miranda* warnings. Defendant made incriminating statements and was thereafter indicted on three charges involving both the truck and the jack.

After a hearing on defendant's motion to suppress the statements, County Court concluded that the portion of defendant's inculpatory statement at the police station was spontaneous up to the point when Marchetto inquired, "What happened?" The court concluded that defendant's subsequent response was the product of custodial interrogation without required *Miranda* warnings and granted suppression. The court also concluded that the jailhouse statement was improperly made because counsel had been requested at arraignment and that the police were chargeable with knowledge of the request. In a supplemental decision-order, the court concluded that the charges of fourth degree criminal possession of stolen property involving the truck and third degree burglary and petit larceny involving the jack were so significantly intertwined and related as to allow joinder in one indictment. After filing the statement concerning suppression required by CPL 450.50, the People brought this appeal pursuant to CPL 450.20 (8).

The People contend that Marchetto's utterance of "What happened?" was neither prompting nor interrogation. We cannot agree. The test is whether defendant's statement can be said to have been triggered by police conduct which should reasonably have been anticipated to evoke a declaration from defendant *(see, People v Lynes,* 49 NY2d 286, 295; *see also, People v Rivers,* 56 NY2d 476, 479-480). Defendant had already said that he took the truck and the officer obviously expected a response when he asked, "What happened?" His answer cannot be characterized as "blurted out" or "forced upon the officer" *(People v Grimaldi,* 52 NY2d 611, 617; *see, People v Scalafani,* 150 AD2d 400, *lv denied* 74 NY2d 747). County Court correctly found that defendant's statement after Marchetto's inquiry was the product of police interrogation.

The contention that defendant was not in custody is similarly without merit. The police conduct and circumstances prevailing certainly would have led a reasonable person to believe that he was not at liberty to ignore the police presence and go about his business *(see, Michigan v Chesternut,* 486 US 567; *see also, People v Bostick,* 151 AD2d 768, 769). At the time of the statement, defendant was in a police station with an angry and suspicious police officer awaiting the results of inquiries regarding defendant's driver's license and the truck which the officer suspected was stolen. At the time of the statement defendant had been with Marchetto for about four hours, during which he was caught in a lie and called a liar by Marchetto. We find no error by County Court, which was in a position to assess the evidence and the credibility of witnesses *(see, People v Yukl,* 25 NY2d 585, 588, *cert denied* 400 US 851). Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous *(People v Johnson,* 150 AD2d 495, 496; *People v Armstead,* 98 AD2d 726). Where different inferences can be drawn from the facts, the choice should be left to the trier of those facts and should be honored unless unsupported as a matter of law *(People v McNeeley,* 77 AD2d 205, 208-209; *cf., People v Anderson,* 145 AD2d 939, *lv denied* 73 NY2d 974).

Finally, we give little credence to the People's challenge to the ruling concerning the jailhouse questioning about the floor jack. Marchetto had been present at the arraignment when defendant requested counsel. The request for assigned legal counsel was unequivocal and the fact that certain paper work was required to qualify for Public Defender representation did not make that request equivocal *(see, People v Skinner,* 52 NY2d 24, 29; *People v Cunningham,* 49 NY2d 203, 209-210; *People v Settles,* 46 NY2d 154, 160-166). County Court properly found that the police knew of defendant's request for counsel at which point the indelible right to counsel had attached. The questioning by Holt and Marchetto was impermissible even if the matter involving the jack had been unrelated to the rental truck *(see, People v Fuschino,* 59 NY2d 91; *People v Rogers,* 48 NY2d 167). Here, however, the subject of the interrogation was inextricably interwoven with the pending charge and, in fact, the questioning commenced by immediately linking the floor jack to the truck *(see, People v Townes,* 41 NY2d 97, 104-105). Accordingly, the statement made to Holt was properly suppressed.

Order affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.