■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS A. WHITE, Appellant.—Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 25, 1991, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

We find that the delay in defendant's arraignment was justified in light of the ongoing investigation of crimes other than those for which defendant was originally arrested *(see, People v Hopkins,* 58 NY2d 1079; *People v Barker,* 168 AD2d 211, *lv denied* 77 NY2d 875; *People v Borazzo,* 137 AD2d 96, *lv denied* 72 NY2d 916). Further, we find that the brief, unproductive interrogation of defendant upon being processed at the police station before he was read his *Miranda* warnings does not require suppression of statements made after defendant had been properly informed of his constitutional rights. Defendant was in a jail cell from the time of the initial questioning until he was questioned eight hours later by a different police officer. Thus, the interrogations did not constitute a continuous chain of events; rather, defendant had an opportunity to reflect upon his situation *(see, People v Bethea,* 67 NY2d 364; *People v Holmes,* 145 AD2d 908, *lv denied* 74 NY2d 897; *People v Jacobs,* 136 AD2d 796). Nor did defendant make any

unwarned statement that could be said to have committed him to later confessing to the crime *(see, People v Tanner,* 30 NY2d 102; *People v Holmes, supra).* Finally, County Court's determinations that defendant did not request an attorney and that he was informed of his constitutional rights prior to making an inculpatory statement were based upon credibility issues and should be upheld where, as here, they are not clearly erroneous *(see, People v Ceballos,* 175 AD2d 315, *lv denied* 78 NY2d 1074; *People v McCormick,* 162 AD2d 878, *lv denied* 77 NY2d 841).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.