■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MCCREARY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree burglary, third degree grand larceny, and fourth degree criminal mischief, defendant contends that the indictment should have been dismissed because the integrity of the Grand Jury proceeding was impaired by the prosecutor's elicitation of prejudicial evidence concerning defendant's criminal character and commission of prior unrelated crimes; that the court should have suppressed defendant's postarrest state-

ment on Fourth Amendment grounds; and that his sentence is duly harsh and severe.

Defendant correctly asserts that the Grand Jury was informed of improper *Molineux* evidence. Nevertheless, in the unique circumstances of this case, there was no undue prejudice to the defendant. In view of the evidence of the positive fingerprint comparison, there is no possibility that the Grand Jury was improperly influenced by the evidence of other crimes. Since "possibility of prejudice" is the test for determining whether the integrity of the Grand Jury has been impaired *(People v Di Falco,* 44 NY2d 482, 487; *see,* CPL 210.35 [5]), the court did not err in denying dismissal of the indictment.

The court did not err in denying suppression. There was a bare minimum of information before the suppression court demonstrating that the police had probable cause to arrest defendant. During the arresting officer's direct suppression testimony, the following exchange took place:

"Q. What, if anything was said?

"A. * * * I questioned him [defendant] about the burglary * * * I told him that his fingerprints were found at the residence."

The reference to the fingerprint information possessed by police came into evidence in the form of an out-of-court statement—what the officer told defendant. At a suppression hearing, "hearsay evidence is admissible to establish any material fact" (CPL 710.60 [4]). Thus, the suppression court and reviewing court may consider the out-of-court statement for the truth of its assertion *(see, People v Gonzalez,* 68 NY2d 950, 951; *People v Cavagnaro,* 88 AD2d 938; *see also,* Richardson, Evidence §§ 200, 207 [Prince 10th ed]). The out-of-court statement in question asserted that defendant's fingerprints had been found at the crime scene, thus establishing probable cause for defendant's arrest.

The court did not abuse its discretion in sentencing defendant to 4 to 12 years. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present —Callahan, J. P., Boomer, Pine, Lawton and Boehm, JJ.