■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL BIGIO, Appellant. [655 NYS2d 974] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 1, 1995, convicting him of murder in the second degree (two counts), kidnapping in the first degree, grand larceny in the fourth degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, his statements to the police were admissible at trial since there was no illegality in the procedures employed in effectuating his arrest. The police clearly had probable cause to arrest the defendant as they found his fingerprint on a bag recovered from the stolen van where the dead body was found, and because, upon seeing the police in the hallway outside his apartment, the defendant immediately took flight through an open window into an adjacent abandoned building, where he was later found and taken into custody (*see, People v McCreary*, 186 AD2d 1070; *People v Pate*, 182 AD2d 717).

We find no merit in the defendant's claim that the delay between his arrest and arraignment was calculated to deprive him of his right to counsel (*see, People v Hopkins*, 58 NY2d 1079). Although the defendant denied any involvement in the murder, he admitted to the police that he had stolen the van in which the body was found, and the delay afforded the police an opportunity to investigate leads given to them by the defendant (*see, People v White*, 186 AD2d 321; *People v Quartieri*, 171 AD2d 889).

There is no merit to the defendant's assertion that the court erred in rejecting as pretextual the race-neutral explanation provided by his counsel concerning the second juror he peremptorily challenged in the third round of jury selection (*see, Purkett v Elem*, 514 US 765; *People v Payne*, 88 NY2d 172, 184; *People v McDougle*, 230 AD2d 808).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.