■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD LAPIERE, Appellant. [666 NYS2d 82] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea. The record does not support the contention that, during the plea colloquy, defendant consistently asserted his innocence. Defendant admitted his involvement in the homicide and acknowledged that he was pleading guilty because he felt that he could not prove that he acted in self-defense.

The court properly denied defendant's motion to suppress the results of a blood test performed on a sample taken from defendant pursuant to court order. The People presented evidence that a latent fingerprint matching defendant's fingerprint was discovered on the kitchen table adjacent to the location of the victim's body and that witnesses observed a vehicle matching the description of defendant's vehicle parked at the victim's residence around the time of the homicide. That evidence constituted probable cause to believe that defendant had committed the crime and thus the blood sample was properly ordered (see, *People v Bigio*, 237 AD2d 453, *lv denied* 90 NY2d 891; *People v McCreary*, 186 AD2d 1070, 1071, *lv denied* 80 NY2d 1028).

The court properly rejected defendant's challenge to the constitutionality of a prior felony conviction and properly sentenced defendant as a second felony offender. The court's determination that defendant was not denied effective assistance of counsel in pleading guilty to the prior felony is supported by the record. We further conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.