■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONTIE THURMAN, Appellant. [693 NYS2d 370] —Judgment unanimously affirmed. Memorandum: County Court properly denied without a hearing that part of the motion of defendant seeking suppression of physical evidence seized from his girlfriend's residence. Defendant's motion to suppress did not

contain sworn allegations of fact sufficient to raise an issue of fact with respect to standing (*see*, CPL 710.60 [3] [b]; *People v Whitfield*, 81 NY2d 904, 906). Further, in opposition to the motion, the People submitted the unequivocal Grand Jury testimony of defendant that he did not reside at the searched premises, thereby establishing that defendant was without standing to contest the legality of the search and seizure (*see, People v Wesley*, 73 NY2d 351, 358-359; *People v Daniel*, 152 AD2d 742, 743, *lv denied* 75 NY2d 769).

The court also properly denied that part of the motion of defendant seeking suppression of the statement he made to a police officer at the Public Safety Building after receiving and waiving his *Miranda* rights. That statement was preceded by a statement made by defendant without the benefit of *Miranda* warnings prior to his arrest, which statement was precluded because of the People's failure to provide notice pursuant to CPL 710.30 (3). Even assuming, arguendo, that warnings were required for the first statement, we conclude that the later statement is not subject to suppression under the "cat-out-of-the-bag" theory because there was no evidence adduced at the *Huntley* hearing that the later statement was tainted by the earlier one (*see, People v Tanner*, 30 NY2d 102, 105-106; *People v O'Hanlon*, 252 AD2d 670, *lv denied* 92 NY2d 951; *People v Alaire*, 148 AD2d 731, 737-738). Nor is suppression warranted under the *Chapple-Bethea* rule (*People v Chapple*, 38 NY2d 112; *People v Bethea*, 67 NY2d 364) because the second statement was not the product of continuous interrogation (*see, People v Benedetto*, 248 AD2d 480, *lv denied* 92 NY2d 878; *People v McIntyre*, 138 AD2d 634, 637, *lv denied* 72 NY2d 959). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Balio, JJ.