■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER P. SMITH, Appellant. [713 NYS2d 426] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]), defendant contends that Supreme Court should have suppressed his written statements on the ground that those statements, although preceded by *Miranda* warnings, were obtained by exploitation of defendant's earlier oral statement, which the court suppressed on *Miranda* grounds.

The initial statement was obtained on the street at the time of arrest. Police thereafter informed defendant of his *Miranda* rights and, after defendant waived those rights, elicited his written confession at the police station beginning about 30 minutes after the arrest. The differences in time (*see, People v Dunkley,* 200 AD2d 499, 500, *lv denied* 83 NY2d 871; *People v Hawthorne,* 160 AD2d 727, 728-729) and place (see, *People v Stackhouse,* 160 AD2d 822, 823-824, *lv denied* 76 NY2d 865; *People v Jacobs,* 136 AD2d 796, 797) constitute such a "definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v*

*Chapple,* 38 NY2d 112, 115; *cf., People v English,* 73 NY2d 20, 24; *People v Bethea,* 67 NY2d 364, 367-368). Moreover, the initial violation of defendant's rights consisted of a single question and answer without benefit of *Miranda* warnings (*see, People v Bolus,* 185 AD2d 1007, *lv denied* 81 NY2d 785; *People v Holmes,* 145 AD2d 908, 908-909, *lv denied* 74 NY2d 897) in which defendant denied guilt. Thus, that earlier "unwarned statement cannot be said to have committed him to later confessing to the crime" (*People v Holmes, supra,* at 909; *see, People v Walker,* 267 AD2d 778, 780, *lv denied* 94 NY2d 926; *People v McGriff,* 149 AD2d 952, *lv denied* 74 NY2d 814). Under the circumstances, the court properly determined that the taint of the initial illegality was dissipated and that the subsequent administration of *Miranda* warnings was sufficient to protect defendant's rights. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Attempted Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.