■ The People of the State of New York, Respondent, v Merle Steele, Jr., Appellant. [716 NYS2d 236] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), assault in the first degree (Penal Law § 120.10 [1]) and four counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant contends that, because the jury found that he intentionally assaulted his grandfather, the jury's finding that he did not intentionally murder his grandmother and instead acted with a depraved indifference to human life is contrary to the weight of the evidence. We disagree. It cannot be said that the jury failed to give the evidence the weight it should be accorded in finding that defendant intended to cause serious physical injury to his grandfather but did not intend to cause his grandmother's death (*see, People v Bleakley,* 69 NY2d 490, 495).

We also reject defendant's contention that the jury's finding that the assault victim sustained a serious physical injury (*see,* Penal Law § 10.00 [10]; § 120.10 [1]) is contrary to the weight of the evidence. The testimony of the physician who surgically repaired the victim's ear established that the injury constituted a protracted disfigurement (*see, People v Askerneese,* 256 AD2d 34, *affd* 93 NY2d 884; *People v Edmonds,* 267 AD2d 19, *lv denied* 94 NY2d 862).

Supreme Court erred in denying the motion of defendant to suppress the oral statement he made in response to the homicide detective's initial question, "Do you know why you're here?" In light of the detective's knowledge of prior conversations between defendant and the arresting officers and the evidence incriminating defendant, we conclude the statement was the product of custodial interrogation that should reasonably have been anticipated to evoke a response (*see, People v Ackerman*, 162 AD2d 793, 794; *see generally, Rhode Island v Innis*, 446 US 291, 300-302). Because the statement of defendant was made after he had informed the arresting officers that he did not want to speak further with them, the detective's administration of *Miranda* warnings immediately after the statement was insufficient to attenuate the taint of the improper interrogation (*see, People v English*, 73 NY2d 20, 24; *People v Powell*, 246 AD2d 366, 370, *appeal dismissed* 92 NY2d 886). Thus, the court should have suppressed the oral statement made in response to the detective's initial question. The error is harmless, however, because the proof of defendant's guilt is overwhelming and there is "no reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237).

The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.