■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JAMISON, Appellant. [762 NYS2d 640] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 7, 2001, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Prior to being advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), the defendant made a brief oral statement to a detective indicating that he knew "something" about the subject homicide, but had not been involved in it. The hearing court suppressed this statement upon the ground that it was the product of custodial interrogation conducted before the administration of *Miranda* warnings. However, the hearing court found that the inculpatory statements the defendant made to law enforcement officials after waiving his *Miranda* rights were voluntary and admissible.

On appeal, the defendant contends that his post-*Miranda* statements should have been suppressed because they were tainted by the prior statement. We disagree. Although the hearing court incorrectly found that the defendant was in custody when he admitted having knowledge of the homicide, this pre-*Miranda* statement was made only minutes after the defendant agreed to speak to the investigating detective in an interview room, and he was not in custody prior to the questioning which elicited it (*see People v Yukl,* 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Under these circumstances, the single unwarned statement, which was not the result of "relentless custodial interrogation" (*People v Holmes,* 145 AD2d 908, 909 [1988]), did not taint the defendant's post-*Miranda* statements which would require them to be sup-

pressed under the "continuous chain of events" theory *(People v Holmes, supra; see People v Thurman,* 262 AD2d 987 [1999]; *cf. People v Chapple,* 38 NY2d 112, 114 [1975]; *People v Bethea,* 67 NY2d 364 [1986]). Moreover, the pre-*Miranda* statement was not so incriminating in nature that it can be said to have committed the defendant to confessing to the crime *(see People v Holmes, supra),* and there is no evidence that the defendant felt so committed by the pre-*Miranda* statement that he believed himself bound to confess *(see People v Duncan,* 295 AD2d 533, 535 [2002]; *People v Morgan,* 277 AD2d 331 [2000]; *People v James,* 253 AD2d 438, 440 [1998]). We further note that the defendant's videotaped statement followed a pronounced break in the interrogation, which would have attenuated any potential taint from his earlier statements *(see People v Morales,* 279 AD2d 362, 363 [2001]; *People v James, supra; People v Nisbett,* 225 AD2d 801, 802 [1996]).

The sentence imposed was not excessive *(see People v Suitte,* 90 AD2d 80 [1982]). Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.