THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAKWAN NELSON, Appellant. [899 NYS2d 659]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered March 7, 2008, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and attempted assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (J. Goldberg, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Prior to being advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), the defendant made a brief oral statement to a detective indicating that he was "with" the perpetrators at the time of the subject robbery and homicide, but was standing across the street. The hearing court suppressed this statement upon the ground that it was the product of custodial interrogation conducted before the administration of *Miranda* warnings. However, the hearing court found that the inculpatory statements the defendant made to law enforcement officials after waiving his *Miranda* rights were voluntary and admissible.

On appeal, the defendant contends that his post-*Miranda* statements should have been suppressed because they were tainted by the prior statement. We disagree. Under these circumstances, the pre-*Miranda* statement was not so incriminating in nature that it can be said to have committed the defendant to confessing to the crime (*see People v Holmes*, 145 AD2d 908, 909 [1988]), and there is no evidence that the defendant felt so committed by the pre-*Miranda* statement that he believed himself bound to confess (*see People v Duncan*, 295 AD2d 533, 535 [2002]; *People v Morgan*, 277 AD2d 331 [2000]; *People v James*, 253 AD2d 438, 440 [1998]). In any event, the defendant's post-*Miranda* statements followed a pronounced break in the interrogation, which would have attenuated any potential taint from his earlier statements (*see People v Paulman*, 5 NY3d 122, 130 [2005]; *People v Bethea*, 67 NY2d 364 [1986]; *People v*

*Chapple*, 38 NY2d 112, 114 [1975]; *People v Jamison*, 307 AD2d 368 [2003]).

The contention raised in the defendant's supplemental pro se brief is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.