# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**325**
**KA 08-00139**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALTON A. DUNN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered November 15, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]), defendant contends that Supreme Court erred in refusing to suppress statements that he made while in custody at the police station, before he was advised of his *Miranda* warnings. Although defendant is correct that he had not been Mirandized when two investigators initially questioned him in an interview room, defendant did not make any inculpatory statements at that time. In fact, he consistently denied involvement in the crime. Defendant was left alone for approximately one hour before one of the two investigators returned to the interview room, at which time *Miranda* warnings were administered and the questioning continued. Defendant made the incriminating statements at issue during the second interrogation. Contrary to defendant's contention, we conclude that there was a sufficiently "definite, pronounced break in the interrogation" to dissipate the taint resulting from the initial *Miranda* violation (*People v Chapple*, 38 NY2d 112, 115; *see People v Paulman*, 5 NY3d 122, 130-131; *People v Smith*, 275 AD2d 951, *lv denied* 96 NY2d 739), and that the court therefore properly refused to suppress the incriminating statements at issue. We reject defendant's further challenge to the severity of the sentence.

Entered: April 1, 2011                      Patricia L. Morgan
                                            Clerk of the Court