People v Escamilla (2019 NY Slip Op 00139)





People v Escamilla


2019 NY Slip Op 00139


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-09039
 (Ind. No. 5027/12)

[*1]The People of the State of New York, respondent,
v
Alex Escamilla, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered September 2, 2015, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, gang assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of Miranda rights (see Miranda v Arizona, 384 US 436) was rendered invalid by a police officer's pre-Miranda questioning of the defendant regarding whether he knew why he had been brought to the station house, and the officer's pre-Miranda statement to the defendant that the police wished to speak to the defendant regarding an incident that occurred at a particular location one week earlier, is unpreserved for appellate review, as the defendant failed to move to suppress his statements to the police on this ground or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v Cruz, 149 AD3d 774, 775; People v Coriolan, 138 AD3d 1134). In any event, although the officer's question and pre-Miranda statement to the defendant constituted custodial interrogation (see People v Steele, 277 AD2d 932, 932; People v Ackerman, 162 AD2d 793, 794; People v Thomas, 51 Misc 3d 603, 608-609 [County Ct, Monroe County]), the defendant's responses were not inculpatory (see People v Jenkins, 34 AD3d 833; People v McMillon, 31 AD3d 136, 138), and suppression of the defendant's post-Miranda statements was not required. "[T]he pre-Miranda statement was not so incriminating in nature that it can be said to have committed the defendant to confessing to the crime, and there is no evidence that the defendant felt so committed by the pre-Miranda statement that he believed himself bound to confess" (People v Nelson, 73 AD3d 811, 811 [citation omitted]; see People v Jamison, 307 AD2d 368, 369). Nor, despite the defendant's contention to the contrary, was suppression of the defendant's post-Miranda statements to the police required under the "continuous chain of events" theory (People v Holmes, 145 AD2d 908, 909 [internal quotation marks omitted]; see People v Bethea, 67 NY2d 364; People v Chapple, 38 NY2d 112; People v Jamison, 307 AD2d 368, 368-369).
The defendant's contentions regarding alleged prosecutorial misconduct during summation are partially unpreserved for appellate review (see CPL 470.05[2]; People v Fletcher, 130 AD3d 1063, 1065, affd 27 NY3d 1177), and, in any event, the challenged remarks were either permissible rhetorical comment (see People v Galloway, 54 NY2d 396; People v Macuil, 67 AD3d 1025, 1026), fair response to the arguments and issues raised by the defense (see People v Halm, 81 NY2d 819, 821), fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), cured by the Supreme Court's charge and instructions to the jury, to which the defendant did not object (see People v Pocesta, 71 AD3d 920), or, if improper, were not so egregious as to deprive the defendant of a fair trial (see People v Persaud, 98 AD3d 527, 529; People v Pocesta, 71 AD3d at 921).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court